HANNAH G. MURPHY ET AL.

v.

WILLIAM H. ABBOTT.

1. CHANCERY PRACTICE.—Where, in a foreclosure suit, by the terms of
the decree, it was provided that upon the production of the master's deed and
a certified copy of the order confirming the sale, possession be delivered to
the purchaser, and a refusal so to deliver will be considered a contempt of
court, and the record failed to show that the steps prescribed by the decree
as well as required by the proper practice of chancery courts were taken to
charge defendants with contempt. *Held*, that if proceedings through the
medium of attachment for contempt are admissible, they must be carried on
*stricti juris*, and the party resorting to them must show a full compliance with
all the required conditions preliminary thereto.

2. THE SAME.—Independent of the terms of the decree and of statutory
provisions, by the settled course of chancery practice in foreclosure suits, the
production of the master's or commissioner's deed is a necessary preliminary
step to an enforced surrender of the premises to the purchaser.

3. ATTACHMENT FOR CONTEMPT.—While it may be considered settled
that a chancery court will, by its writ of assistance or other proper process,
put the purchaser in actual possession, *quære*, whether it will resort to the
more indirect mode of enforcing a surrender by attachment for contempt.

APPEAL from the Circuit Court of Cook county; the Hon.
MURRAY F. TULEY, Judge, presiding. Opinion filed June
27, 1883.

This is an appeal from an order committing appellants for
contempt for the violation of a decree of the circuit court,
requiring them to deliver possession of a house which, it is
claimed, belongs to appellee by virtue of a decree in certain
foreclosure proceedings to which appellants were parties de-
fendant.

It appears that appellee filed a bill against appellants and
others, to foreclose a mortgage upon certain property, includ-
ing lots 16 and 17 in the block and subdivision named in the
bill. The decree found the execution of a trust deed by ap-
pellants' grantors, conveying with other property said lots 16
and 17, to secure an indebtedness to complainants of $5,000;
that lot 17 was improved with a house which was subject to

Murphy v. Abbott.

the lien of the mortgage, and which appellants had removed and placed on another lot; that said house was worth $300, and was part of lots 16 and 17.

The decree orders that some of the defendants pay the complainant in ten days, the amount found due, or that upon the payment of $242, upon each of lots 16 and 17, the master execute release of same. In default of such payment a sale was to be made by the master, said house to be offered as a part of lot 17.

It was further ordered that *on production of master's deed and certified copy of the order confirming the sale*, possession should be delivered to the purchaser, and a refusal so to deliver would be considered a contempt of court.

The premises were sold under the decree, and complainant became the purchaser of lot 16 for $120, and of lot 17 and the house for $265.48, and a certificate of sale was issued to him therefor. It appears from the record that upon proof of the loss of the certificate of sale, an order was entered that the master execute a deed to complainants for lots 16 and 17 with the house; but so far as appears, no deed was ever executed, nor was a certified copy of the order confirming the sale ever furnished to appellants.

Mr. H. O. McDAID, for appellants; cited Goodwillie v. Mil liman, 56 Ill. 525; Stuart v. The People, 3 Scam. 365.

Messrs. MONK & ELLIOTT, for appellee; cited State v. Doty, 32 N. J. L. 403; State v. Mathews, 37 N. H. 450; Palmer v. Warner, 4 Paige, 397; The People v. Bennett, 4 Paige, 282; State v. Becht, 23 Minn. 411; 4 Blk. Com. 285; Buck v. Buck, 60 Ill. 105.

WILSON, J.   Various questions were discussed upon the hearing by counsel for appellants, in relation to the power of a court of chancery in foreclosure proceedings to enforce its decree for the surrender of possession by proceedings for contempt, and as to the proper remedy when possession is refused, which it is unnecessary to consider, as the order for commitment must

be reversed upon other grounds which will dispose of the case.

The record fails to show that the steps prescribed by the decree, as well as required by the proper practice of courts of chancery in foreclosure suits, were taken to charge the defendants with contempt in failing to surrender possession of the premises. By the terms of the decree, it is provided that, upon the production of the master's deed, and a certified copy of the order confirming the sale, possession be delivered to the purchaser, and a refusal so to deliver would be considered a contempt of court. Without determining whether it was competent for the court to thus prescribe in advance what should constitute a contempt, it was indispensable that before the defendants could be adjudged in contempt, for a violation of the decree, a master's deed should have been produced to appellants, and also a certified copy of the order confirming the sale, and these should have been accompanied with a demand for possession. So far as the record discloses, neither of these prerequisites was observed. It does not appear that a deed was ever executed, nor is it shown that a certified copy of the order confirming the sale was ever made out or shown to appellants. By the express terms of the decree, appellants were entitled to both before they could be required to decide upon their course of action; and until both were produced, their refusal to surrender possession was not in violation of the mandate of the decree.

By the statutes of this State, a purchaser at a sale under a decree of foreclosure, is not entitled to possession, until a deed to him has been executed by the proper officer. Until such deed has been executed, the proceedings are still *in fieri*, and as was said in Bennett v. Matson, 41 Ill. 332, "until the purchaser obtains his deed he is for most purposes a stranger to the possession."

In Fackler v. Worth, 13 N. J. Eq. R. 395, it was held that an order to deliver possession to the purchaser of mortgaged premises, under a decree of foreclosure, will be made only upon proof that the deed was shown to the person in possession, a demand for possession, and a refusal to comply made.

And so are the authorities generally. Kershaw v. Thompson, 4 Johns. Ch. R. 609, and cases there cited. But independent of the terms of the decree, and of statutory provisions, by the settled course of chancery practice in foreclosure suits, the production of the master's or commissioner's deed, is a necessary preliminary step to an enforced surrender of the premises to the purchaser. 2 Dan. Chy. Pl. & Pr.

There seems to have formerly been some question whether courts of chancery would enforce their decrees for possession by process, for the actual delivery of possession, or would remit the purchaser to his action of ejectment, or other appropriate remedy. But in Kershaw v. Thompson, *supra*, Chancellor Kent gave the subject a careful examination, and held that the proper practice is for the court to execute its own decrees. He says: "It does not appear to consort with sound principle, that the court, which has exclusive authority to foreclose the equity of redemption of a mortgage, and can call all the parties in interest before it, and decree a sale of the mortgaged premises, should not be able even to put the purchaser into possession, against one of the very parties to the suit, and who is bound by the decree." And such we understand to be the established practice in the English chancery courts. Penn. v. Ld. Baltimore, 1 Ves. 444; Huguenin v. Baseley, 15 Ves. 180; Stribley v. Hawkie, 3 Atk. 275; See also, Valentine v. Teller, Hop. Chy. R. 480; Fackler v. Worth, *supra*.

But while it may be considered settled that the court will by its writ of assistance, or other proper process, put the purchaser in actual possession, it does not seem so clear from the authorities that it will resort to the more indirect mode of enforcing a surrender by attachment for contempt. It is said in Valentine v. Teller, that the writ of assistance is in ordinary cases, the only process of giving possession of land, under an adjudication of the court of chancery in New York, that being the process which effectuates the object sought, in the most simple and direct manner. And in New Jersey, Fackler v. Worth, 13th N. J. Ch. 395, it is held that the injunction, as well as the attachment to enforce obedience to the order,

ought to be dispensed with, in accordance with the modern practice in England and New York.

But if proceedings through the medium of attachments for contempt are admissible, they must be carried on *stricti juris*, and the party resorting to them, must show a full compliance with all the required conditions preliminary thereto. In the present case, that has not been done. The complainant having failed to produce the master's deed, and a certified copy of an order confirming the report of sale, no foundation for contempt proceedings was laid, and the judgment of the court below was erroneous.

Judgment reversed.