## Chicago Public Stock Exchange v. McClaughry.

1. ERROR—*Waiver of Assignment.*—Where an appellant in his argument insists only upon one of the various errors assigned,‛the others will be considered as waived.

2. CONTINUANCE—*Attorney a Member of the General Assembly.*—Where an attorney, being a member elect of the General Assembly, entered his appearance in a cause pending for trial five days before the convening of the assembly and two days after it convened, and an affidavit was filed for a continuance of the cause on account of his attendance, etc., a court will look scrutinizingly at the regularity of such an appearance, to the end that unjust delay and vexation may not be suffered by the other party, in consequence of the privilege accorded by the statute to an attorney who is a member of the General Assembly.

3. ATTORNEYS—*Appointment of in Court, etc.*—The ancient.practice was to appoint attorneys in court, but it may now be done out of court, in writing, or by parol.

4. ATTORNEYS—*Rules Applicable to Solicitors in Chancery.*—The rule that a party to a suit can not change his attorney on record without leave of the court, originally applied only to attorneys at law, but now exists with equal force as to solicitors in chancery; and although sometimes based upon the relations existing between attorney, or solicitor, and client, it rests with equal applicability upon the relations between the parties to the suit.

5. ATTORNEYS—*Change of—Order of Court.*—A party having appeared by one attorney can not make an application to the court by another, without having obtained an order for changing his attorneys. And till an order is obtained, the opposite party and his attorney are justified in considering the former attorney as being still employed, and are not bound to take notice of any proceedings in the name of another attorney.

6. NOTICE—*Change of Attorneys.*—An attorney can not withdraw his appearance from a cause, nor can a party litigant substitute another attorney without notice to the parties in interest, and the judgment of the court is required upon the subject in order that the rights of all parties may not be unduly prejudiced.

7. ATTORNEY—*Power to Withdraw his Appearance.*—An attorney or solicitor can no more withdraw his appearance from the records without an order authorizing it, except with the consent of the adverse party, than he can, without the consent of his client, substitute another attorney or solicitor in his place.

8. ATTORNEYS—*Power to Withdraw, etc.—Application of the Law.*— A bill in chancery was filed March 19, 1892, by Messrs. K. & B. as solicitors for the complainant. July 19th the appearance of F. as solicitor for ‚complainant was entered by a writing filed in the cause. October 4th, K.

& B. filed a writing purporting to be a withdrawal of their appearance. October 22d, another writing was filed purporting to be the withdrawal of the appearance of F. as solicitor, and an appearance of E. H. M. as complainant's solicitor was entered. December 30th another paper was filed purporting to be a withdrawal of the appearance of E. H. M., and an appearance of J. P. M. entered as solicitor. J. P. M. was, at the time, a member elect of the General Assembly, and the next session of that body was to begin January 4th, six days thereafter. On the 6th day of January, two days after the convening of the General Assembly, a motion for the continuance of the cause on account of his attendance upon the General Assembly was entered, and on January 19th, denied by the court. *It was held*, that as no order for the change of solicitors had been previously made, the court was at liberty when the application for the continuance was made to act as if J. P. M. had never entered his appearance in the cause, and as if it were then, for the first time, moved for an order changing attorneys. *It was held*, also, that in view of the whole case no such injustice has been done complainant in refusing the order for a continuance as calls for a reversal of the decree.

9.  Courts—*Power to Protect Parties Litigant.*—It is an inherent and necessary power of a court to protect parties litigant from unnecessary and oppressive delay in the hearing of causes, arising from the change of counsel as well as any other causes under its control.

10.  Practice—*Pleas by a New Attorney.*—A plea. filed by a new attorney without any order of the court for change of attorneys is irregular, and the complainant is not bound to accept such plea.

**Memorandum.**—Suit in chancery. In the Superior Court of Cook County ; the Hon. William G. Ewing, Judge, presiding. Bill for an injunction ; answer and replication. Decree dismissing the bill on final hearing ; appeal by the complainant. Heard in this court at the March term, A. D. 1893, and affirmed. Opinion filed April 6, 1893

Appellant's Brief, Edward H. Morris and Kirk Hawes, Attorneys.

Appellants contended that the affidavit met the requirements of the statute, and it was mandatory upon the court to continue the case. "May," as used in the statute means "shall." St. Louis & Southeastern Ry. Co. v. Teters, 68 Ill. 144.

Appellee's Brief, John S. Miller and Arthur H. Chetlain, Attorneys.

An affidavit for a continuance, on the ground that counsel is in actual attendance on session of the legislature, should

state facts as to the character of the suit to enable the court to act intelligently or pursue the language of the statute. Williams v. Baker, 67 Ill. 239. · The statute does not require that the facts should be set out in the affidavit. It is sufficient if the language of the statute is used. Wicker v. Boynton, 83 Ill. 546.

OPINION OF THE COURT, SHEPARD, J.

This is an appeal from a decree dissolving an injunction, and dismissing appellant's bill for want of equity.

The bill was filed to restrain appellee, as chief of police of the city of Chicago, and his subordinates, from interfering with the premises and business of appellant, and the only relief sought was by way of injunction.

The question presented to us, and stated by appellant's brief to be the only one involved in the appeal, is: Was the appellant entitled to a continuance of the cause in the court below, on filing an affidavit showing that its attorney, Mr. Mahoney, was a member of, and in attendance upon, the General Assembly · of this State, and had been retained before that body assembled? Counsel for appellant concede that if the court below properly denied the motion for a continuance, there was nothing else for the court to do but dismiss the bill at the time set for a hearing, since the complainant declined to introduce any evidence in support of it, relying upon its right to a continuance. Where an appellant in his argument insists only upon one of the various errors assigned, the others will be considered as waived. W. St. L. & P. Ry. Co. v. McDougal, 113 Ill. 603.

Under the authority of St. L. & S. R. R. W. Co. v. Teters, 68 Ill. 144, and Wicker v. Boynton, 83 Ill. 545, we should be constrained to hold favorably to the contention of appellant that a continuance of the cause should have been allowed, and that it was error to have proceeded to a hearing and a dismissal of the bill, in the face of the established fact that Mr. Mahoney was a member of and in actual attendance upon the session of the General Assembly at the time when the continuance was applied for, and the cause called for

hearing, and had been retained by appellant before the legislature assembled, if the record before us showed that Mr. Mahoney was at that time the properly constituted attorney, or solicitor, of record, in the cause.

The bill was filed March 19, 1892, by Messrs. Knight and Brown, as solicitors for the complainant.

On July 19, 1892, the appearance of W. S. Forrest, Esq., as solicitor for the complainant, was entered by a writing filed in said cause.

On October 4, 1892, a writing was filed in said cause, purporting to be a withdrawal of the appearance of Messrs. Knight and Brown, as complainant's solicitors; and on October 22, 1892, another writing was filed in said cause, purporting to be a withdrawal of the appearance of Mr. Forrest as solicitor of complainant, and an appearance of Edward H. Morris, Esq., as complainant's solicitor.

Again, on December 30, 1892, still another paper was filed in said cause, purporting to be a withdrawal of the appearance of Mr. Morris, as complainant's solicitor, and an appearance of Joseph P. Mahoney, Esq., as solicitor for complainant.

Mr. Mahoney was, at the time of the entry of appearance as above, a member-elect of the General Assembly, and the next session of that body was to begin January 4, 1893, six days thereafter; the affidavit for a continuance of the cause on account of his attendance in the General Assembly was filed January 6, 1893.

Under such circumstances a court will look scrutinizingly at the regularity of an appearance of counsel, to the end that unjust delay and vexation may not be suffered by the other party in consequence of the privilege afforded by the statute to an attorney who may be retained by a party to litigation, after his election to the legislature and close upon its date of assembling.

The ancient practice was to appoint attorneys in court, but it may now be done out of court, in writing, or by parol.

A party having appeared by one attorney can not in the same cause make an application to the court by another,

without having obtained an order for changing his attorney. 1 Tidd's Pr. 93.

In Ginders v. Moore, 1 Barn. & Cress. 654, the defendant having appeared and pleaded to the action by Williams and Goddard, as his attorneys, a rule for the discharge of the defendant out of custody was obtained by another attorney, without having first obtained a rule to change attorneys.

The Court of King's Bench refused to discharge the defendant, and said:

" The rule must be discharged.   If we listen to this application, plaintiffs might be perpetually harassed by different attorneys for the same person."

It is again said:

" One can not change his attorney on record without leave of the court,   *   *   *   and when an attorney of record is changed, the record ought specially to mention that it was by consent of the court."    Anonymous, 12 Modern, 440.

" A party suing or defending by a solicitor is not at liberty to change his solicitor in any cause or matter without an order of the court for that purpose."   2 Daniell's Ch. Pl. and Pr., p. 1847.

" And till an order is obtained, the opposite party and his attorney are justified in considering the former attorney as being still employed; and are not bound to take notice of any proceedings in the name of another attorney."   1 Tidd's Pr. 94.

This court has said:

" After errors were assigned here, another attorney than those of record for the plaintiff in error put in a motion, supported by affidavits of his authority from the plaintiff in error to do so, to dismiss the writ.   That mode of proceeding is not regular.   While a party to a suit has the right to change his attorney, yet if such a change is not in fact made by voluntary arrangement, it must be done under the order of the court."   Cohen v. Smith, 33 Ill. App. 344.

In the United States v. Curry, 6 How. 106, Chief Justice Taney said:   "No attorney or solicitor can withdraw his

name, after he has once entered it on the record, without the leave of the court. And while his name continues there, the adverse party has a right to treat him as the authorized attorney or solicitor, and the service of notice upon him is as valid as if served on the party himself. And we presume that no court would permit an attorney who had appeared at the trial, with the sanction of the party, express or implied, to withdraw his name after the case was finally decided. For if that could be done, it would be impossible to serve the citation where the party resided in a distant country, or his place of residence was unknown, and would in every case occasion unnecessary expense and difficulty, unless he lived at the place where the court was held. And, so far from permitting an attorney to embarrass and impede the administration of justice, by withdrawing his name after trial and final decree, we think the court should regard any attempt to do so as open to just rebuke."

It is unnecessary to add further authority. We believe none exists to the contrary.

Owing to the importance of the subject-matter of the litigation, about which we are not at liberty on the record as made, to concern ourselves, we have cited liberally from authorities of great weight on the question of practice, which is alone presented to us.

And we have been further impelled to do so because we are aware of the prevalence of much looseness in practice in the particular we have been considering.

Although the rule originally applied only to attorneys at law, it now exists with equal force as to solicitors in chancery. And although sometimes based upon the relations existing between attorney, or solicitor, and client, it rests with equal applicability upon the relations between the parties to the suit. An attorney, or solicitor, may no more withdraw his appearance from the records, without an order of court authorizing it, except with the consent of the adverse party, than he may without the consent of his client, or than his client may substitute another attorney or solicitor in his place, without his consent.

Notice in either case is requisite, and the judgment of the court is required to act upon the subject in order that the rights of all parties concerned may not be unduly prejudiced.

In the case at bar, had notice been given of an application to the court for an order authorizing the withdrawal of Mr. Morris, and the substitution as solicitor of Mr. Mahoney, on the eve of the departure of the latter to assume his duties as a member of the General Assembly, it might well be that upon a showing that such an order would operate most unjustly and harshly upon the adverse party, and that in view of the not impossible prolongation of the sessions of that body until the following summer vacation of the court, a continuance of the cause and a perpetuation of the preliminary and *ex parte* injunction granted in it, for nearly a year, would ensue, the court, in its discretion, would have refused the order.

It would have been the duty of the court to protect the defendant from unnecessary vexation and delay arising from any course of practice adopted by the complainant having that end in view. So that, no order for a change of solicitors having been previously made, the court was at liberty when the application for a continuance was made, to act as if Mr. Mahoney had never entered his appearance, and as if it were then, for the first time, moved for an order changing attorneys.

It is an inherent and necessary power of a court to protect parties to litigation from unnecessary and oppressive delay in the hearing of causes, arising from the changing of counsel, as well as from any other cause under its control.

No order of court had been had for any one of the numerous withdrawals of solicitors whose appearances for the complainant had been entered; but assuming that by recognition of such withdrawals and substitutions of other solicitors the defendant would not have been at liberty to have interposed an objection thereto after such recognition by him, there is nothing in the record to show that the defendant ever did recognize, by any action or step in court, the regularity of

the withdrawal of the appearance of Mr. Morris, as solicitor, or the entering of the appearance of Mr. Mahoney, as solicitor, in the place of Morris. So far as appears, the first that was known by the defendant or his solicitors of the withdrawal of the appearance of Mr. Morris and the entering of that of Mr. Mahoney, was when the application was made for a continuance of the cause.

It was not enough that Mr. Mahoney, as solicitor for the complainant, filed a replication to the answer of the defendant in the cause on January 24, 1893, after the court had refused to grant a continuance and had set down the cause for a hearing on February 7, 1893. " A plea put in by a new attorney without any order for changing the attorney in the cause, is irregular; and the plaintiff is not bound to accept such notice or plea." 1 Tidd's Pr. 94; Perry v. Fisher, 6 East, 549.

Between the time when the motion for a continuance was overruled, and the date set for a hearing of the cause, there was ample time for the complainant to have retained other counsel in the place of Mr. Mahoney, and this is especially true when we take notice of the facility the complainant had previously displayed in securing the services of counsel eminent at the bar.

We can not say, in view of the whole record, that any such injustice was done complainant in refusing a continuance and setting the cause for hearing, as calls for any interference on that score.

Whether bringing into the cause at so late a day, counsel about to depart upon legislative duties, was done in order thereby to secure the perpetuation of the injunction until a hearing of the cause at some remote day, is not for us to conjecture, and, probably, is not material.

The complainant has elected to stand upon what is claimed to be a matter of strict right under the statute. If the end has failed of accomplishment, there is no room for sympathy, and no call is made for it.

The final decree dissolving the injunction and dismissing the bill for want of equity, which is the decree appealed

from, recites, among other things, that the cause was heard "upon proofs offered in open court upon the hearing, and having been argued by counsel for the respective parties."

It might be that the appearance of counsel, introducing evidence and arguing the cause upon the merits, would waive the point of a wrongful refusal to continue the cause for the reason assigned.

But the question has been argued as if no effort had been made on the hearing to sustain the bill, either by evidence or argument, and we have therefore dismissed the question solely upon the reliance of appellant to a right of continuance because of its counsel's attendance upon the legislature as a member thereof. The decree of the Superior Court will be affirmed.

BY GARY, P. J.

I wish to add that the words "if such change is not in fact made by voluntary arrangement," quoted by Judge Shepard, from Cohen v. Smith, were used by me without any reference to, or knowledge of any authority, and that the thought I had in my mind was that if the outgoing, the incoming, and the adverse attorney all concurred, perhaps any action of the court would be unnecessary.