## Warren J. Durham v. William Behrer et al.

1. ATTORNEY'S FEES—*In Foreclosure Proceedings.*—A person named in a trust deed as a successor in trust, is not thereby prohibited from acting as an attorney in foreclosure proceedings, and a decree allowing him the stipulated solicitor's fees is proper.

Memorandum.—Foreclosure proceedings. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed July 2, 1894.

The opinion states the case.

W. J. DURHAM, *pro se.*

JULIUS STERN, attorney for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was a proceeding in chancery to foreclose a trust deed, which deed contained the following:

"Now, if default be made in the payment of the said promissory note, or of any part thereof, or the interest

thereon, or any part thereof, at the time and in the manner above specified for the payment thereof, etc., etc., on the application of the legal holder of said promissory note, * * * in his own name or otherwise, to file a bill or bills in any court having jurisdiction thereof against the said party of the first part, his heirs, executors, administrators and assigns, to obtain a decree for the sale and conveyance for the whole or any part of said premises for the purpose herein specified, by said party of the second part, as said trustee or as special commissioner, or otherwise, under order of court, and out of the proceeds of any such sale to first pay the costs of such suit, all costs of advertising, sale and conveyance, including the reasonable fees and commissions of said party of the second part, or person who may be appointed to execute this trust, and one hundred dollars attorney's and solicitor's fees."

   *     *     *     *     *     *     *

" In case of the death, resignation, removal from said Cook county, or other inability to act of said grantee, * * * then Julius Stern, of said county, is hereby appointed and made successor in trust herein, with like power and authority as is hereby vested in said grantee. It is agreed that said grantor shall pay all costs and attorney's fees incurred or paid by said grantee or the holder or holders of said note, in any suit in which either of them may be plaintiff or defendant, by reason of being a party to this trust deed, or a holder of said note, and that the same shall be a lien on said premises, and may be included in any decree ordering the sale of said premises and taken out of the proceeds of any sale thereof."

John C. Behrer filed the bill making appellant, William Behrer, as trustee, and Julius Stern, successor in trust, parties defendant. Julius Stern acted as complainant's solicitor. The court in its decree allowed the complainant a solicitor's fee of $100. This is said to have been error.

The compensation allowed is not to Mr. Stern, as trustee, nor is it for any services rendered by him, as trustee; indeed he seems never to have rendered any such service, but to

have had at the most only a mere right of succession to what appears to have been a naked trust.

The case of Cheltenham Improvement Co. v. Whitehead, 128 Ill. 279, is decisive of this; see also Heffron v. Gage, N. E. Reporter, March 30, 1894, p. 569.·

The making of Mr. Stern a party defendant, did not prevent his acting as solicitor for complainant, nor does it afford a reason why the complainant should not be allowed a solicitor's fee.

Mr. Stern had no duties to discharge or interests to defend; he was a mere nominal defendant.

The decree of the Superior Court is affirmed.