## Stella Sturges Cook and George D. Cook v. Don A. Moulton, Trustee, and The Globe National Bank of Chicago.

1. ALTERATION OF INSTRUMENTS—*Materiality of.*—The effect of the alteration of a written instrument depends upon the nature of the alteration, the person by whom, and the intention with which it was made.

2. SAME—*Explanations, etc.*—In explanation of erasures and alterations in a note secured by a trust deed, it is competent to refer to the conditions of the deed, the handwriting of, and ink with which the note and alteration are written, to show that such erasures and alterations were made before execution of the note.

3. APPELLATE COURT PRACTICE—*Waiver of Assignments of Error.*—Where an assignment of an error is made but no mention of the same is made in the brief of the party assigning the same, it will be regarded as waived.

4. SOLICITOR'S FEES—*Foreclosure of Trust Deeds.*—Under a trust deed which provides that in case of default the trustee may, in his own name or otherwise, "file a bill or bills in any court having jurisdiction thereof against the said party of the first part, their heirs, executors, administrators and assigns, to obtain a decree for the sale and conveyance of the whole or any part of said premises for the purposes herein specified, by

Cook v. Moulton.

said party of the second part, as such trustee, or as special commissioner or otherwise under order of court, and out of the proceeds of any such sale to first pay the costs of such suit, all costs of advertising, sale and conveyance, including the reasonable fees and commissions of said party of the second part, or person who may be appointed to execute the trust, and five per cent on the amount of such principal, interest and costs for attorney's and solicitor's fees," it is the duty of the court to decree an attorney fee. Five per cent held not excessive.

**Bill to Foreclose a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding. Heard in this court at the March term, 1895. Reversed on cross-errors. Opinion filed July 5, 1895.

W. I. Culver, attorney for appellants.

J. B. Sturman, counsel for appellees.

Mr. Justice Shepard delivered the opinion of the Court.

This was a bill filed by the appellee, Don A. Moulton, and afterward amended by adding the appellee, The Globe National Bank, as co-complainant, to foreclose a trust deed made by the appellant to the appellee Moulton, as trustee, to secure a certain promissory note held and owned by the bank, which at the time it was offered in evidence, read, with erasures and interlineations, as follows :

"$6,000.                   Chicago, Ill., February 20, 1893.

On or before three months after date we promise to pay to the order of Don A. Moulton, trustee, of Chicago, at its office, sixty-six hundred & 00 dollars, for value received, with seven per cent interest after date.

Stella Sturges Cook,
Geo. D. Cook.

Indorsed :   Don A. Moulton, Trustee."

It is admitted that the said note and trust deed were given to secure a pre-existing debt of the appellant George D. Cook, who is the husband of the appellant Stella Sturges Cook, and his brother, for that amount to the appellee, Globe National Bank, and for which the appellant Stella Sturges Cook was in no manner liable.

The trust deed described the note as payable "to the order of The Globe National Bank of Chicago,    *    *    * with interest at the rate of seven per cent per annum after date;" and it is not denied but that the note when executed by the appellant Stella Sturges Cook, and when last seen by her, was by its terms payable to the order of said bank, as described in the trust deed and as shown by the note itself, omitting the erasure of the name of the payee bank, and the interlineation in lieu thereof of "Don A. Moulton, trustee."

The premises conveyed by the trust deed were the sole and separate property of the wife, Stella Sturges.Cook.

The circumstances under which the conceded alteration of the note was made, were substantially as follows:

After the note and trust deed had been executed by the appellants, the appellant George D. Cook took them to the Globe National Bank, and tendered them to the appellee Don A. Moulton, who appears to have been an officer of the bank. Mr. Moulton, as he testified, thought that because the trust deed ran to him, the note should be made payable to his order, and he suggested to Mr. Cook that he change the note accordingly, and thereupon the name of the bank, as payee, was erased, and the name of Don A. Moulton, trustee, substituted in the handwriting of Mr. Cook, and being so changed, the papers were then delivered to and accepted by Moulton for the bank.

Moulton does not appear to have ever had any personal interest in the note, but to have acted throughout as a mere trustee for the bank. The change in the note was made in the absence of Mrs. Cook and without her authority, knowledge or consent.

The main contention is as to the effect of the alteration so made upon the appellant, Mrs. Cook. Her counsel do not claim that the alteration was made with a fraudulent or wrongful intent, but do insist, with much force of reason and authority, that the note so altered without her consent, authority, or ratification, is not her note or contract.

We would be interested to review the authorities appli-

cable to a case of this kind, if we were at liberty to disregard the principles announced in Ryan v. First National Bank of Springfield, 148 Ill. 349.

That case was so nearly like this one that if the two are to be distinguished, and we are not prepared to say that they do not possess distinguishable features, it should be left to the Supreme Court to draw the line between them.

Without impinging upon what there seems to be decided, although perhaps not, we could not satisfactorily, either to ourselves or to an impartial profession, give reasons for reversing this decree because of such alteration. As to the other contention, that the word "maturity" was erased and "date" substituted therefor after execution and delivery of the note, we think that such apparent alteration is sufficiently explained, as having been made before execution, by the fact that the trust deed described the note as drawing interest after date and not after maturity, coupled with the further circumstances, as appears by inspection of the note itself, submitted by agreement of counsel to the court, that the word "date" is in the same handwriting and ink as the other written portions of the body of the note, except the name of Moulton, trustee, as payee. 1 Greenleaf on Evidence (13th Ed.), Sec. 564.

The eighth assignment of error is that the decree awards execution, in the first instance, against the appellants for the amount found to be due. No mention of this error having been made by appellants in their brief, it will be considered as waived. Chicago Public Stock Exchange v. McClaughry, 50 Ill. App. 358; W., St. L. & P. Ry. Co. v. McDougal, 113 Ill. 603.

The cross-error assigned by appellees because the Circuit Court sustained the exception of appellants to the report of the master touching the allowance of solicitor's fees, and refused to allow a solicitor's fee, is well taken.

The provision in the trust deed with reference to solicitor's fees is identical with that in Cheltenham Improvement Company v. Whitehead, 128 Ill. 279, and, except in the amount specified, like that in Heffron v. Gage, 149 Ill. 182 (see, also,

Telford v. Garrels, 132 Ill. 550, Buckley v. Irons, No. 5563, this term, and Durham v. Behrer, 54 Ill. App. 564), and upon the authority of those cases, a solicitor's fee should have been decreed; and upon the same authorities five per cent on the amount of the principal sum and interest due was not excessive.

Although perhaps unnecessary, considering the views already expressed, to notice appellees' motion to strike from the transcript certain named depositions, that motion is denied. Ferris v. McClure, 40 Ill. 99.

For the error in refusing to allow solicitor's fees the decree is reversed and the cause remanded with directions to the Circuit Court to enter a new decree, including solicitor's fees, in accordance with the master's report and the terms of the trust deed, but at the costs in this court of appellants, as the reversal is at the instance of the appellees upon a cross-error assigned by them.

Reversed, with directions.