## John J. Rooney, Administrator of Ellen M. Cook, Deceased, and Benjamin L. Cook, v. Don A. Moulton, Trustee, and the Globe National Bank.

1. PARTIES—*Representatives of a Deceased Plaintiff.*—There is no statutory provision by which one in the position of a defendant can bring into court the representatives of one who died standing in the position of plaintiff or complainant. Such representative comes into court voluntary or not at all.

2. FORECLOSURES—*Decrees—Execution.*—In a suit to foreclose a mortgage, a decree which provides that the defendants pay the complainants the amount of the mortgage debt and cost, and that the complainants have execution therefor, is erroneous. The statute authorizes an execution only for a deficiency of the proceeds of the sale to pay the mortgage debt.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded with directions. Opinion filed October 17, 1895.

W. I. CULVER and W. M. JONES, attorneys for appellants.

J. B. STURMAN, attorney for appellees.

Rooney v. Moulton.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is a bill filed by Moulton, trustee for the Globe National Bank, to which the bank, by amendment, was added as co-complainant, to foreclose a trust deed in the nature of a mortgage made by Benjamin L. Cook and Ellen M., his wife, to Moulton, to secure the payment of their note for $6,000 to the bank. She has died since this appeal came here, and Rooney, her administrator, has been substituted as co-appellant with Benjamin L. Cook.

The appellants now insist that her heirs should be made parties to the suit, and that no disposition of the case can be made until they are brought in.

On this appeal the appellants are the actors. There is no statutory provision by which one in the position of a defendant can bring into court the representative of one who died standing in the position of plaintiff or complainant. Such representative comes voluntarily, or not at all. Sections 10 and 17, Ch. 1, R. S., " Abatement." These sections apply on appeals here. Sec. 24.

The decree not only provides for a foreclosure, but also that the Cooks pay to the bank $7,383.09 with costs, and that the bank have execution therefor.

This is assigned as, and is, error. Sec. 16, Ch. 95, R. S., " Mortgages," authorizes such a decree and execution for a deficiency of the proceeds of sale to pay the mortgage debt, but even that relief can be given only when authorized by statute. Pom. Eq., Sec. 1228; 8 Am. & Eng. Ency. Law, 264. A cross-error is also assigned that the attorney's fees provided for by the deed of trust were not allowed to the appellees. Cook v. Moulton, 59 Ill. App. 428. The decree is reversed and the cause remanded for the correction of those errors, and the bringing in of the heirs of Mrs. Cook if the complainants there should so elect.

Neither party here recovers costs. The court below will enter a new decree for a foreclosure in accordance with this opinion.