Benjamin L. Cook et al. v. Don A. Moulton, Trustee, et al.

1. PRACTICE—*Reversals with Directions.*—When a case is reversed and remanded with directions to enter a decree in accordance with the opinion, this court will take notice upon a second appeal of the same cause that its mandate upon the first appeal has not been obeyed.

2. CHANCERY PRACTICE— *Second Answer—Where Surplusage.* — Where a guardian *ad litem* for minor defendants filed his answer in the usual form, to which a replication was filed, and afterward filed a second answer to which no replication was filed, it was held that the second answer was surplusage.

3. SAME—*Testimony Where New Parties are Made.*—Where a cause is reversed and remanded with directions as to the entry of a decree, no additional evidence is necessary. The fact that new parties, including minors, as heirs and representatives of a deceased party were required to be made defendants, does not require a re-reference to the master for the purpose of taking proofs.

4. PARTIES—*Deceased Defendant—Rights of Heirs, Succeeding.*—
Where the heirs and representatives of a deceased defendant in equity
proceedings are made parties they succeed to the rights of their deceased
ancestor, and are bound by the record as it was in the latter's lifetime,
and everything that would have concluded such ancestor concludes
them.

5. JUDGMENT—*Nominal Defendants in Foreclosure.*—It is error to
enter a personal judgment against a nominal defendant in a foreclosure
proceeding.

**Foreclosure Proceedings.**—Appeal from the Circuit Court of Cook
County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this
court at the March term, 1896. Reversed and remanded. Opinion filed
June 1, 1896.

WM. M. JONES and W. IRVING CULVER, attorneys for appellants.

J. B. STURMAN, attorney for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE
COURT.

This cause was here once before upon appeal, under the
title of Rooney et al. v. Moulton et al., 60 Ill. App. 306.
The decree then before us was reversed and the cause re-
manded for other and further proceedings, in accordance
with the opinion then filed and reported as above.

We then held, and the opinion said:

" The decree not only provides for a foreclosure, but also
that the Cooks pay to the bank $7,383.09 with costs, and
that the bank have execution therefor. This is assigned as
error, and is error."

The mandate to the Circuit Court that issued from this
court required that a decree be entered in accordance with
said opinion. That was not done. The decree now before
us, as did the one that was reversed, contains a personal de-
cree against the appellant, Benjamin L. Cook, which we then
held, and now repeat, was error. The only change in at-
tempted compliance with the mandate, in that regard, was
to omit from this decree the clause contained in the former
one awarding execution for the amount found due and de-
creed to be paid.

In addition to what was said in the opinion referred to, we refer also to Cook v. Moulton, 64 Ill. App. 429, where we have commented more at length upon the effect of incorporating a personal judgment into a foreclosure decree. Even though it be not assigned for error upon this appeal that the decree was a personal one against Cook, this court will, unaided, take notice upon a second appeal that its mandate upon the first appeal of the same cause has not been obeyed. Oldershaw v. Knoles, 6 Ill. App. 325; 2 Encylopedia of Pl. & Pr. 923.

Pending the first appeal Ellen M. Cook, one of the then appellants, died, and Rooney, her administrator, was substituted for her, and after the cause was re-docketed in the Circuit Court her four children and heirs at law, together with said administrator, were there substituted as parties in her place. Two of said children were minors, and a guardian *ad litem* of them was appointed, who filed the usual answer for them.

It seems that to said answer of the minors, a replication was filed, and that subsequently another like answer was filed for the minors, to which no replication was filed. The adult substituted defendants were defaulted, and the new decree was entered.

Various errors are assigned, which call in question the proceeding to a hearing and decree after the minors were made parties defendant, without re-referring the cause to a master in chancery to take proofs and report; and in entering a decree without evidence as against them, and without having afforded them or their guardian *ad litem* an opportunity to cross-examine appellees' witnesses or to offer evidence in their own behalf; and in entering the decree without a replication having been filed to the said last answer of the minors.

There seems to have been no reason for filing the second answer of the minors. It was identically like the first one, which was in the usual form of such answers. Replication to the first answer having been filed, the issues as to the minors were properly joined, and we think the second an-

swer may well be treated as mere surplusage in the case. As to proceeding to a decree without a re-reference, there was no error. There was not a general reversal and remanding of the cause. No new testimony was necessary in order to comply with the mandate of this court. All that remained for the Circuit Court to do was to revise its decree in accordance with the opinion of this court. The fact that new parties, including the two minors, as heirs and representatives of the deceased Mrs. Cook, were required to be made defendants, did not alter the status of the case. The minor heirs, as well as the others who succeeded to the rights of their deceased ancestor, were bound by the record as it was made in the latter's lifetime, and everything that would have concluded her concluded them.

With reference to the other errors assigned, we do not regard any of them as well taken, and we refer to what we have said in Cook v. Moulton, 64 Ill. App. 429, concerning the assigned error because of that provision of the decree adjudging parties to be in contempt who should refuse to surrender possession after delivery of a master's deed.

For the error in decreeing a personal judgment against the appellant, Benjamin L. Cook, the decree is reversed, and the cause remanded for a new decree in conformity with this opinion. Reversed and remanded.