## Stella Sturges Cook and Geo. D. Cook  v. Don A. Moulton, Trustee, and the Globe National Bank.

1.   JUDGMENTS—*Personal—In Foreclosure Suits.*—A court is without power in a foreclosure to render a personal judgment in the first instance against a mortgagor, when there is no statute authorizing, and except for the statute, there is no power to render a personal decree for a deficiency after sale.

2.   FORECLOSURE—*Personal Decrees.*—It is only for a deficiency existing after a sale of the mortgaged property, that the statute authorizes a personal decree.

3.   APPELLATE COURT PRACTICE—*Subsequent Appeals—Assignment of Errors.*—The appellant in a cause which is reversed on a cross-error is not estopped from assigning for error upon a subsequent appeal the same errors assigned by him upon his first appeal, and from insisting upon and arguing such errors even though upon his first appeal he waived them by failing to argue them, when upon such former appeal, there was no decision upon the merits of the assigned errors.

4.   SAME—*Decision—When  Final.*—A decision of a case by an appellate court on the merits is final as to the matters decided, and is conclusive upon the parties upon a second appeal or writ of error in the same case.   The questions so decided can not again be brought before the court for consideration except upon a petition for rehearing.

5.   SAME—*Assigned, but Not Argued.*—In civil cases it is within the discretion of the court whether it will notice errors assigned, but not insisted upon in the argument.

6.   CONTEMPT OF COURT—*Decreeing in  Advance—What Constitutes.*—The propriety of decreeing in advance what subsequent conduct will constitute a contempt may well be questioned; it is certain that no valid judgment of contempt can be made without notice, etc., but such an order in a decree does not invalidate it.

**Foreclosure of Mortgage.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.   Heard in this court at the March term, 1896.   Reversed and remanded.   Opinion filed June 1, 1896.

WM. M. JONES and W. IRVING CULVER, attorneys for appellants.

J. B. Sturman, attorney for appellees.

Mr. Justice Shepard delivered the opinion of the Court.

This cause is here for the second time. It was reversed on the first appeal (Cook v. Moulton, 59 Ill. App. 428), upon a cross-error assigned by the then, as now, appellees, for a refusal to allow solicitor's fees, as provided by the terms of the mortgage sought to be foreclosed by appellees, and the cause was remanded to the Circuit Court with directions to enter a new decree including solicitor's fees, in accordance with the master's report.

Under such mandate the Circuit Court proceeded to enter a new decree including an allowance of solicitor's fees, which were allowed by the new decree.

It is now, as it was on the former appeal, assigned for error by the appellants that this decree awards execution against appellants, as did the old one, for the amount found to be due.

The decree, after finding there was $8,184.61 due at the date thereof, and that the sum so found to be due constitutes a prior and paramount lien upon the interest of the appellants in the mortgaged premises, proceeds as follows:

" It is therefore ordered, adjudged and decreed, that the complainant, The Globe National Bank of Chicago, do have and recover of and from the said Stella Sturges Cook and George D. Cook the said sum of eight thousand one hundred eighty-four dollars and 61-100 ($8,184.61), with costs of suit to be taxed, and that it have execution therefor." The decree then proceeds to provide for a foreclosure.

We have, therefore, in this decree a personal judgment, as at law, against the appellants, and an award of execution thereon in the first instance, and before it is known that there will be any deficiency.

This was manifest error.

A court is without power in a foreclosure suit to render a personal judgment in the first instance against a mortgagor, where there is no statute that authorizes it; and, ex-

cept for the statute, there is no power to render a personal decree for a deficiency after sale, but the mortgagee would be left to resort to law.

It is only for the deficiency, if any, that exists after the foreclosure sale that our statute authorizes a personal decree. Rooney v. Moulton, 60 Ill. App. 306.

But it is contended by the appellees that the error being waived by a failure of appellants to argue it upon their first appeal, it can not be taken advantage of now.

We do not think that the appellant in a cause which is reversed upon a cross-error is estopped from assigning for error upon a subsequent appeal the same errors assigned by him upon his first appeal, and from insisting upon and arguing such errors, even though upon his first appeal he waived them by failing to argue them, when upon such former appeal there was no decision upon the merits of the assigned error. It would probably be otherwise if the error assigned on the second appeal had not been assigned on the first appeal, and the merits of the whole cause had been decided. The rule is, that a decision of a case by an appellate court on the merits is final as to the matters decided, and is conclusive upon the parties upon a second appeal or writ of error in the same case. The points and questions thus considered and decided can not be again brought before such court for review, and can not be reconsidered, except upon a petition for a rehearing. West v. Douglas, 145 Ill. 164; see, also, Union M. L. Ins. Co. v. Kirchoff, 149 Ill. 536 (p. 542).

The only merits on the part of appellants that were considered on the first appeal were those that related to the effect upon the appellant, Mrs. Cook, of the claimed alteration of the note that the mortgage was given to secure. That question being determined adversely to the appellants, could not be, and is not, urged again upon this appeal.

The cross-error of appellees then coming on to be considered, it was held that the decree should be reversed and the cause remanded for a new decree correcting that error.

True, if we had chosen to consider the error now insisted

upon, and then assigned but not urged, we should have reversed the decree on that ground also, but so doing would have carried the costs against the appellees, which, under the circumstances of appellant's waiver of assistance to the court, we thought should go in favor of the appellee, who had assigned and argued a successful point. And we had the right to assume that an error so plain and elemental as the one assigned, though not argued, and because not argued not decided, although open to decision if we had felt inclined, notwithstanding we were entitled, as we did, to treat it as waived, would be taken notice of by appellees and obviated in their new decree.

The old decree having been abrogated by the direction of this court upon the suggestion of appellees, and a new decree having been made, we think the appellants may again assign for error a matter before assigned, involving merits not previously considered at all, and insist upon the error now, although they did not before.

It is not so much what parties do, as what the court does, that may be treated as *res adjudicata*.

On the former appeal we expressly refused to consider the error that was assigned, and is now again before us, because of the omission of counsel in not arguing it.

While, under repeated decisions, counsel could not complain that we did not consider the error, still, as we understand the rule, it was only a privilege of the court, and not a duty, to pass over what counsel had, by a failure on his part, given the opportunity for. "In civil cases it is within the discretion of the court whether it will notice errors assigned but not insisted upon in argument." Lehrman v. Meyer, 67 Ala. 396.

Now, however, with the question urged upon us, we think it is our duty to consider the merits of the particular question as one not *res adjudicata*. And what we have said disposes of it.

It is further urged that the decree is erroneous, in that it orders in advance that if after the delivery of the master's deed the defendants, or any person claiming under them

since the commencement of the suit, should refuse to surrender possession of the said premises, they, or such person, should be held as in contempt of court.

While the propriety of decreeing in advance what subsequent conduct shall constitute a contempt may well be questioned, yet as it is certain that no valid judgment of contempt could be made without notice and demand, we will not hold that a mere *brutum fulmen* in a decree necessarily invalidates it.    Murphy v. Abbott, 13 Ill. App. 68.

At most, such matter in the decree can only be said to be indicative of what might be done after a full and strict compliance with all the conditions of notice and demand which established rules of proceeding require in such cases, and we will not enter upon an anticipatory discussion of what may possibly happen.    Proceedings in contempt must be carried on *strictissimi juris*, and we will not assume that any other course will be pursued.

But, for the error in decreeing a personal judgment against the appellants and awarding execution thereon, the decree of the Circuit Court is reversed and the cause remanded for a new decree in conformity with this opinion.    Reversed and remanded.