Davis, J.
The contention in this case is concerning the validity of a judgment against the plaintiff in error rendered in Delaware county, and which was made a lien by levy on his lands in Pickaway county. It is asserted that the judgment is void because it was rendered upon a cross-petition of codefendants of the plaintiff in error against him, upon which cross-petition no summons was issued, in an action by a mortgagee of the defendants praying for a judgment against the mortgagors on the mortgage notes, for a foreclosure of the mortgage, for sale of the mortgaged premises and for all proper relief, there being no relief asked for in the petition against the plaintiff in error and there being no averment in the petition on which to found relief.
The only allegation in the petition referring to the plaintiff in error is the following: “Plaintiff further says and it charges that said defendant, John Southward, since the filing of the said mortgage herein described, has purchased and is now the owner of said real estate subject to plaintiff’s said mortgage, and asks that he may be notified of the filing, pendency and prayer of this petition and that he may be required to answer the same as to his interest in said real estate.” Accordingly a summons was issued upon this petition and it was served upon Southward on December 3,1889. The summons required him to answer the petition on or before December 28, 1889, *310 but no answer or other pleading was ever filed by Southward in that case. It is clear that upon this petition there could have been no personal judgment against Southward, either for the whole debt or for a deficiency after sale of the mortgaged premises; for the petition alleged no personal liability on his part. The only allegation against him was that he was a purchaser subject to the mortgage. He may well have been willing to allow his equity of redemption to go in satisfaction of the mortgage debt, and yet may have had a defense against a personal judgment. At any rate a personal judgment against him was not a “matter in question in the petition.”
Sometime after Southward became in default for answer to the petition, his codefendants, the mortgagors, filed an answer admitting the execution of the note and mortgage by them, and by way of cross-petition alleging that Southward, when he purchased the land, assumed and agreed to pay the mortgage indebtedness to the plaintiff in the action. The prayer in the cross-petition' is as follows: “These defendants * * * ask that the said premises may be ordered sold on the foreclosure of said mortgage and the proceeds of said sale be applied on the said note in plaintiff’s petition described, and for all further relief.” It will be noted that in this cross-petition no “relief” is claimed “touching the matters in question in the petition,” except the foreclosure of the mortgage and the application of the proceeds of the sale on the mortgage note, as required by the statute as it then was, and as it remained until April 16, 1900 (Revised Statutes, Sec. 5071; 94 O. L., 281, Sec. 5067). No amendment to the petition was filed, and a prayer for a personal judgment nowhere appears in the case, and no allegation appears upon which such *311 a judgment could be founded, unless the plaintiff, the mortgagee, might lawfully do as it did do, after sale of the mortgaged premises on motion to confirm the sale and distribute the proceeds, have a finding made and judgment rendered against Southward, on the cross-petition of his codefendants. The court after finding that Southward was in default for answer or demurrer to the petition and the cross-petition, “and that the allegations of said cross-petition are thereby confessed by him to be true,” finds and adjudges as follows : “That said John Southward has not complied with the terms of said agreement * * * and that there is due said plaintiff from said John Southward in pursuance of said agreement, the sum of $4,787.83, with interest at the rate of seven per cent, per annum from date. Wherefore it is ordered and decreed by the court that the said John Southward pay said sum of $4,787.83 to the plaintiff,” etc'. This is very clearly a judgment against Southward for the whole debt; and it might very properly have been so, if the plaintiff had pleaded the agreement by Southward to pay the debt and prayed for a judgment thereon, and he had been brought into court to answer such a claim. Poe v. Dixon, 60 Ohio St., 124. But in this case the plaintiff did not make the proper averments to entitle it to a judgment for the money claimed to be due. Southward was called upon to answer that petition and thereafter he was bound to take notice of all proceedings strictly germane thereto, but was not bound to keep watch for entirely new causes of action which might be foisted into the case after he had waived his right to defend against the cause of action to which he was summoned to answer. Hence the judgment rendered against Southward cannot be sustained un *312 less it can be done under the cross-petition, upon which no summons was issued.
After rendering judgment against Southward for the whole debt, as above stated, the court ordered that taxes and costs should be paid and that the residue of the money arising from the sale “be applied in liquidation of plaintiff’s claim as a payment thereon. And there still remaining due plaintiff from said defendant, John Southward, the sum of $878.60 for which execution is awarded against him,” etc. It has been urged in argument that this is merely an order awarding execution for the balance remaining after sale of the mortgaged property and application of the proceeds upon the plaintiff’s claim. This argument does not seem to give due weight to the fact that before awarding execution for the balance, and before applying the proceeds of the sale upon the plaintiff’s claim, the court found the whole debt to be due from Southward to the plaintiff and decreed that he should pay the whole amount and awarded execution therefor. This of itself has been held, in Illinois, to be error. Rooney v. Moulton, 60 Ill. App., 306. Nor does this argument seem to take account of the want of any averment upon which personal liability could be fixed upon Southward for any amount, except as it apears in the cross-petition.
It was pointed out by Granger, C. J., in Brown v. Kuhn, 40 Ohio St., 485, that “the only provision for a summons upon a cross-petition is in Sec. 5074,” now Sec. 5070, Rev. Stat.; but does it follow that no' summons can issue, or that none may be required, in cases other than the one provided for in that section? Is this inquiry justly to be answered by the maxim, eoopressio unius est exclusio alterius? We think not. It is a fundamental doctrine in the law of procedure that *313 a party who is affected by the judgment must have his day in court, which is understood to mean that he shall have due notice of the claim against him which may result in judgment, and that he shall have an opportunity to defend against it. The failure of the legislature to specifically prescribe the issue of summons, cannot deprive a party of his constitutional right to due process of law, and the legislature can not be presumed to have intended to do so. Hence, the question for consideration here is not so much what the statute provides, as whether the constitutional guaranty of due process of law has been violated. 10 Am. & Eng. Ency. Law (2 ed.), 296, and cases there cited. Of course if a party had an opportunity to be heard and neglected to avail himself of it, he cannot complain of any invasion of his constitutional right when there is an ultimate decision which is adverse to him. If in the present case Southward did have due notice of the claim which was ultimately formulated in a. judgment against him he cannot be heard to dispute the judgment; but the whole contention turns on the question whether he did in fact have such notice. So long as a cross-petition is strictly confined to “matters in question in the petition” there can be no doubt that the summons issued on the petition would be sufficient to sustain a judgment on the cross-petition; but when the cross-petition sets up matters which are not drawn in question in the petition, and seeks affirmative relief against a codefendant, of a nature totally different from that sought in the petition, we think that the plainest principles of justice and constitutional law require that the party who is to be bound by the judgment should have notice of the claim made against him, and that in such case a summons issued on the petition does *314 not confer jurisdiction to render judgment on the cross-petition. Besides, since the cross-petition was adopted in the code from equity procedure, if the statute is not explicit as to the procedure, the equity practice, “as modified by the spirit of the code, must be resorted to; and under the chancery practice, when a defendant sought relief against a codefendant as to matters not apparent upon the face of the original bill, he must file his cross bill making parties thereto such of his codefendants and others as was necessary to the relief sought, and process was necessary to bring them in.” Fletcher v. Holmes, 25 Ind., 458; Pattison v. Vaughan, 40 Ind., 253; Bevier v. Kahn, 111 Ind., 209; Edwards v. Woodruff, 90 N. Y., 396. And see Spoors v. Coen, 44 Ohio St., 497, 502, 505, per Minshall, J. The judgment against Southward upon the cross-petition, whether it was upon the election and request of the plaintiff or not, was therefore null and void. Spier v. Corll, 33 Ohio St., 236; and it was competent to attack it in this proceeding. Kingsborough v. Tousley, 56 Ohio St., 450.
In Giddings v. Barney, 31 Ohio St., 80, it was held that a personal judgment cannot be taken against a mortgagor, in an action to foreclose a mortgage, unless the petition contains a prayer for such judgment. We have already emphasized the fact that in this case neither the petition nor the cross-petition contained such a prayer. In the opinion in the case last cited, Boynton, J., said: “We are not, however, to be understood as holding that in equity cases, the court may not give a personal judgment, where equity requires it. McCrory v. Parks, 18 Ohio St., 1; Reed v. Reed, 25 Ohio St., 422. Nor is it intended to deny the power of the court, in an action to foreclose a mortgage, where the court has ac *315 quired jurisdiction of the person of the mortgagor, to award execution for any balance due, after the proceeds of the sale of the mortgaged premises have been exhausted. Hamilton v. Jefferson, 13 Ohio, 427; Myers v. Hewitt, 16 Ohio, 449, 456; Moore v. Starks, 1 Ohio St., 369, 373; Maholm v. Marshall, 29 Ohio St., 611, 615.” We may add to this that judgment for such balance cannot be rendered against a person who has assumed and agreed with the mortgagor to pay the mortgage debt unless the mortgagee. elects to avail himself of the agreement to pay, and the proper averments are made against the person assuming the .mortgage, and the court has acquired jurisdiction over his person. Brewer v. Maurer, 38 Ohio St., 543, 554. In this case, as we have said, these conditions are not found, so that also upon the theory that the judgment in this case was a judgment for the deficiency, the judgment was invalid.
In Brown v. Kuhn et al., 40 Ohio St., 468, one of the points decided is that where a cross-petition in error is properly filed against a party already in court, in the pending case on error, no summons in error should be issued for such party, and with that decision the court is still satisfied; but so far as remarks in the opinion of the court in that case conflict with the views here expressed, they are disapproved.
The judgments of the circuit court and the court of ■common pleas are

Reversed.

Burket, Spear, Shauck and Price, JJ., concur.