## J. B. Madsen & Company, Plaintiff in Error, v. Henry Hogans, Defendant in Error.

### Gen. No. 19,100.    (Not to be reported in full.)

Error to the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed November 25, 1914.

### Statement of the Case.

Suit by J. B. Madsen & Company against Henry Hogans for an alleged balance due of $519.30 on certain contracts for store fixtures and extras. The declaration was the common counts in assumpsit to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

which the general issue was pleaded. A jury was waived and the court entered judgment, at the conclusion of the trial, against the plaintiff, who brought error.

STEDMAN & SOELKE, for plaintiff in error.

HENRY HORNER, for defendant in error; ARNOLD HEAP, of counsel.

MR. JUSTICE DUNCAN delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 329*—*when findings of trial court will not be disturbed.* In an action to recover the price of store fixtures furnished a defendant, the questions as to whether certain fixtures were delivered, whether glass was broken by the plaintiff's employees while installing the fixtures, or by defendant, and whether a certain sum was paid on the general account, were questions of fact, and since the evidence was conflicting the finding of the trial court would not be set aside on appeal as manifestly against the weight of the evidence.

2. ACCOUNT, ACTION OF, § 1*—*when action is on account.* Where it appeared that a plaintiff in an action for the price of store fixtures furnished a defendant, placed all items of charges for fixtures and payments on a single page of his books as charges and credits without any designation as to what they were for, except the dates when made, the items being referred to as "merchandise," plaintiff was suing on an account, as to which only oral evidence disclosed the application that should be made as to each payment, and the plaintiff could not legally split its cause of action to the prejudice of defendant.

3. SET-OFF AND RECOUPMENT, § 10*—*when unliquidated damages may be set off.* Unliquidated damages growing out of a contract can only be recouped or set off in the particular contract in which the damages are claimed, and cannot be a matter of set-off or recoupment as to any amount owed on another distinct contract or claim, and no judgment can be given for any excess the claim for recoupment might show over the amount due on the particular contract to which the recoupment is pleaded.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

J. B. Madsen & Co. v. Hogans, 189 Ill. App. 589.

4. SALES, § 159*—when buyer is liable on contract of sale. In an action to recover the price of store fixtures furnished the defendant for a tenant, if such fixtures were completed according to contract and approved by the tenant, the defendant was liable therefor, unless latent defects were discovered.

5. SALES, § 343*—what damages are recoverable for breach of contract. In an action to recover the price of store fixtures furnished the defendant for a tenant, where the defects in such fixtures were apparent on inspection, the defendant could return the fixtures, but if he retained them he was liable for the cost of such fixtures less any damage for failure to make them according to contract, the measure of damages being the difference in the cash value of the articles as delivered and their cash value when completed according to contract.

6. SALES, § 251*—what obligations are imposed when manufactured articles are sold. Executory contracts for the manufacture and sale of fixtures carry with them the implied obligation that the articles shall be made of sound material, of good workmanship, and that they shall be manufactured according to specifications.

7. EVIDENCE, § 319*—when parol evidence is not admissible. Oral evidence is not admissible to change the terms of a contract and specifications for the manufacture of fixtures.

8. SALES, § 326*—when oral evidence is not admissible in action on contract. In an action on contracts for the manufacture of certain fixtures, oral evidence that the work of covering a certain beam was included in one contract, and that a certain case in another contract was to be made in a certain manner, was erroneously admitted since the written contracts did not so provide. ·

9. SALES, § 315*—when buyer is not estopped to complain of defects in articles sold. In actions to recover the price of store fixtures furnished a defendant for certain tenants, the defendant was not estopped to complain of the fixtures not being made according to contract, because the tenants signed cards acknowledging the receipt of such fixtures "in good order" when such receipts were given when the fixtures were only partly finished, the receipts in many instances being for the material.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.