## Gust F. Hesch, Plaintiff in Error, v. Charles J. Dennis and James Bakakos, Defendants in Error.

### Gen. No. 20,372.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed with finding of fact. Opinion filed October 5, 1915.

### Statement of the Case.

Action by Gust F. Hesch, plaintiff, against Charles J. Dennis and James Bakakos, defendants, in the Municipal Court of Chicago, to recover on a promissory note made by defendants payable to the order of plaintiff, and given as part payment on a contract for the sale of a leasehold interest in and the equipment of a theater. To reverse a judgment for defendants, plaintiff prosecutes this writ of error.

LESTER E. LEE and CHARLES L. SWANSON, for plaintiff in error.

MILES J. DEVINE and JOHN J. DEVINE, for defendants in error.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 56*—*when expression of opinion not misrepresentation.* In an action to recover on a promissory note, absolute on its face and given as part of the purchase price of the leasehold interest in and the equipment of a theater under an agreement providing that such theater building should "conform with regulations of Building and Health Departments," where the affidavit of defense alleged that the building "did not conform to the city ordinances relating to ventilation; that plaintiff knew and fraudulently concealed the fact from defendants and induced them to sign

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the note by misrepresentation and fraud," *held* that the matter charged as misrepresentation amounted to no more than an expression of opinion as to a matter within the knowledge of both parties equally, or a matter as to which defendants were put on inquiry, it appearing that neither in the agreement nor in the bill of sale conveying plaintiff's leasehold interest did plaintiff vouch or warrant as to the conformity of such building with such ordinances and regulations.

2. BILLS AND NOTES, § 56*—*when failure of consideration not defense.* In an action to recover on a promissory note given as part of the purchase price of a leasehold interest in and equipment of a theater, where defendants retained possession and made no attempt to rescind, a judgment for defendants *held* erroneous, there being no evidence of fraud or failure of consideration, or of a subsequent valid agreement, and evidence to vary the terms of the note being incompetent.

3. BILLS AND NOTES, § 431*—*when evidence of contemporaneous agreement inadmissible.* The maker of a promissory note cannot defend against it by showing an oral contemporaneous agreement which makes the note payable on a contingency, for the reason that such evidence is incompetent as tending to vary the terms of a note absolute on its face.

4. BILLS AND NOTES, § 327*—*when agreement to cancel invalid.* An agreement by the payee named in a promissory note to cancel the note is invalid where it appears that such agreement was made after the making of the note, and where it does not appear that there was a consideration for such agreement.

5. BILLS AND NOTES, § 90*—*when interest begins to run.* The legal construction of a promissory note payable thirty days after date, "with interest at the rate of 1% per annum, after ————," is that such note draws interest from and after thirty days from its date.

6. CONTRACTS, § 238*—*when condition waived.* In an agreement whereby plaintiff agreed to transfer to defendants a leasehold interest in and equipment of a theater, which agreement contained a clause providing that full performance should be made "when the papers were drawn if found to conform" to certain regulations "on or before thirty days" after the date of the agreement, where defendants accepted a bill of sale of such property and took possession nine days after the date of such agreement, *held* that defendants waived the provision quoted by accepting such bill of sale and taking possession, and cannot complain that no more time was taken to ascertain whether such building was as provided in the agreement, although the provision quoted was ambiguous.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.