## F. W. Reid, Appellee, v. Frederick W. McKinney, Appellant.

### Gen. No. 22,336.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 27, 1916.

## Statement of the Case.

Action of the first class by F. W. Reid, plaintiff, against Frederick W. McKinney, defendant, in the Municipal Court of Chicago, to recover on a promissory note made by defendant and indorsed to plaintiff. From a judgment for plaintiff, defendant appeals.

CHARLES SCRIBNER EATON, for appellant.

SONNENSCHEIN, BERKSON & FISHELL, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

1. BILLS AND NOTES, § 333*—*what claims maker cannot set off in action by indorsee.* In an action by an indorsee of notes against the maker, claims not arising out of any transaction where a contractual relation existed between plaintiff and defendant, or matters or claims between them on which an independent action could have been maintained by defendant against plaintiff, are not properly set off against plaintiff's claim.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*what is effect of striking defective affidavit of defense.* In an action in the Municipal Court of Chicago, an affidavit of defense which fails to state facts in law constituting a defense, or facts which, if true, will establish a valid set-off, is properly stricken, and thereby all statements and pleas in defense and set-off are automatically eliminated, since in that court pleas are unavailing unless the facts in the affidavit constitute a defense in law to the action.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*what pleading unnecessary.* Since in the Municipal Court of Chicago the merit of a defense is tested by the facts set up in the affidavit, it is not necessary to join issue on any pleas which may be filed.

4. BILLS AND NOTES, § 333*—*when set-off by maker against indorsee not proper.* In an action by an indorsee of a promissory note against the maker, a set-off claimed by defendant which is largely in excess of plaintiff's claim is in violation of the Negotiable Instruments Act of 1895, sec. 12 (J. & A. ¶ 7633), providing that in actions on promissory notes, etc., where the instrument has been assigned or transferred by delivery to plaintiff after maturity, certain set-offs may be made to the amount of plaintiff's claim.

5. BILLS AND NOTES, § 333*—*what claims cannot be set off by maker.* A defendant cannot set off claims for unliquidated damages against plaintiff's demand.

6. MUNICIPAL COURT OF CHICAGO, § 13a*—*when statement of claim on note justifies judgment including interest.* A statement of claim in an action in the Municipal Court on a promissory note which attaches a copy of the note to the statement and makes it part thereof by reference is sufficient to authorize the inclusion of interest in the verdict and judgment although such inclusion causes the judgment to be for an amount exceeding that claimed in the statement.

7. MUNICIPAL COURT OF CHICAGO, § 28*—*when judgment cannot be objected to on appeal.* An objection that a judgment in the Municipal Court of Chicago exceeds the amount claimed in plaintiff's state-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment of claim cannot be maintained where plaintiff stood by without objection when the verdict was rendered and the judgment entered, and where the objection is made for the first time on appeal.