## E. V. Bradley, Appellee, v. Progressive Metal & Refining Company, Appellant.

### Gen. No. 22,855.

1. BILLS AND NOTES, § 327*—*what is unavailable as defense in action on note.* In an action to recover on a promissory note absolute on its face, an oral contemporaneous contract in contradiction of the terms of the note is unavailing as a defense.

2. BILLS AND NOTES, § 220*—*when subsequent indorsee may avail himself of title of first indorsee.* If a first indorsement of a note is valid and vests title to the note in the indorsee, such title may be availed of in an action by any subsequent indorsee and holder of the note.

3. PLEADING, § 153*—*when affidavit of merits is insufficient.* It is not sufficient to set forth on information and belief the material defenses in the affidavit of merits in an action on a note.

4. BILLS AND NOTES, § 351*—*when affidavit of merits insufficient to avoid assignment of note.* The statement in the affidavit of merits in an action against the maker of a note that the payee was the owner of the note at the time of maturity "in so far as any indebtedness which may be due from defendant to said payee," *held* to be ambiguous and not to constitute any fact which in law would operate to avoid the assignment of the note by the payee and continue the title in it.

5. BILLS AND NOTES, § 333*—*when allowance of set-off is improper.* In an action on a note, defendant's counterclaim in the nature of a set-off which is in excess of the amount of the note is repugnant to Hurd's Rev. St. ch. 98, sec. 12 (J. & A. ¶ 7633), limiting a set-off to the amount of plaintiff's debt.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. SET-OFF AND RECOUPMENT, § 10*—*when set-off cannot be claimed.* Set-off cannot be claimed for unliquidated damages.

7. PLEADING, § 157*—*when filing of affidavit of merits is within discretion of court.* The allowance of a motion to file a third affidavit of merits rests in the sound discretion of the trial court.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed May 21, 1917. Rehearing denied June 4, 1917. *Certiorari* denied by Supreme Court (making opinion final).

BERNSTEIN, GROSSMAN & ZOLLA, for appellant.

BENJAMIN B. MORRIS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

From a judgment of $3,548 entered as in case of default, defendant appeals.

This action is upon a note for $3,500, executed by defendant, payable to the order of the Chicago Smelting & Refining Company, sixty days after date, with interest at six per cent. per annum. Plaintiff is the second indorsee of this note. The note is dated at Milwaukee, Wisconsin, and on the ground that defendant was a nonresident of the State of Illinois, an attachment was issued and certain moneys garnisheed, but as defendant voluntarily appeared and gave bond, the questions arising on the attachment issue are not before the court. Defendant filed an affidavit of merits, which, on motion, was stricken, and by leave of court filed a new affidavit of merits. In their essence the two affidavits are of like purport, the second affidavit stating the facts recited in the first in greater elaboration. The affidavits of merits set up as defenses that the note was given in consideration of the payee delivering to the maker goods to the value of the note before its maturity, and that in this regard it had failed, and delivered goods to the extent only

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of $1,950; also setting up an account between the payee and defendant, in which the payee is alleged to owe to defendant a balance of $40.85, and averring that the payee was the owner and holder of the note in suit at the time of its maturity "in so far as any indebtedness which may be due from this defendant to the Chicago Smelting and Refining Company"; that plaintiff is not the innocent holder for value before maturity and that defendant is informed and believes that the payee is the holder and owner of the note, and that therefore defendant is not indebted to plaintiff in any sum. Defendant further sets up that by reason of the transaction between itself and the payee in the note and by reason of the failure of the payee to carry out its contract made with defendant, that defendant "has been damaged in a large sum of money, and that the damages suffered by this defendant are in excess of the amount of said note set forth in the plaintiff's statement and affidavit of claim." After the striking of the second affidavit of merits, the court proceeded to assess damages on production of the note in evidence upon plaintiff's affidavit of claim under Rule 17 of the Municipal Court Act, which provides, *inter alia,* that "where the defendant's affidavit of merits is stricken from the files for insufficiency, the court may then and there enter judgment as in case of default for the plaintiff upon the plaintiff's affidavit of claim in said cause."

Defendant stated no fact in its affidavits of merits which in law constitutes a defense to the action upon the note in suit. The attempt to set up an oral contemporaneous contract in contradiction of the terms of the note is unavailing as a defense, as evidence of such contract would be incompetent as tending to vary the terms of an instrument absolute on its face. *Hesch v. Dennis,* 194 Ill. App. 663.

The assignment by the payee to Feinberg, the first

Chicago—First District—May, 1917.    555

Bradley v. Progressive Metal & Refining Co., 205 Ill. App. 552.

indorsee, is in no wise challenged by the affidavit of merits, nor is it denied that such assignment was made before maturity and for a valuable consideration. It is the well-settled law of this State that a remote indorsee may avail of the title of any prior indorser, and if, as in the instant case, the first indorsement was valid and vested the title to the note in such indorsee, that title may be availed of in an action by any subsequent indorsee and holder of such note. The doctrine is as announced by Mr. Justice Scholfield in *Matson v. Alley*, 141 Ill. 284, in these words:

"And although Alley is an assignee after maturity, his assignor, Bliss, was an assignee before maturity, and Alley is entitled to stand in the place of Bliss, and no defense could be urged by the corporation as against Alley which it could not have urged against Bliss had he remained the owner of the notes and sought to enforce their collection." *Woodworth v. Huntoon*, 40 Ill. 131.

In *Comstock v. Hannah*, 76 Ill. 531, it was held that a party who takes commercial paper before due, for a valuable consideration, without knowledge of any defects of title and in good faith, holds it by a title valid against the world.

As the assignment to Feinberg was not challenged, regardless of when and for what consideration plaintiff obtained the note, he may avail of Feinberg's unchallenged title and recover the amount due on the note. Furthermore, the material defenses set forth in the affidavits of merits are upon information and belief. This is not sufficient. *Hitchcock v. Herzer*, 90 Ill. 543.

Again, the statement in the affidavit that the payee of the note was the owner of the note at the time of maturity, "in so far as any indebtedness which may be due from defendant to said payee," is ambiguous and does not constitute any fact which in law would operate to avoid the assignment of the note by the payee

and continue the title in it for such restricted purpose notwithstanding such assignment. Defendant's counterclaim in the nature of a set-off, which it states is "in excess of the amount of said note set forth in plaintiff's statement and affidavit of claim," is repugnant to section 12, ch. 98, Rev. St. (J. & A. ¶ 7633), which limits a set-off to the amount of plaintiff's debt. See opinion in *Reid v. McKinney,* 202 Ill. App. 129.

It also appears that the set-off claimed is for unliquidated damages, which, it was held in *J. B. Madsen & Co. v. Hogans,* 189 Ill. App. 589, cannot be done.

It is likewise contended that it was error for the court to deny defendant the right to file a third affidavit of merits. The allowance of such motion rested within the sound discretion of the court and we cannot hold that such discretion was abused in the denial of such motion, as defendant had been accorded every opportunity to state any defense which it might have against plaintiff's claim.

As neither of defendant's affidavits stated any facts which in law constitute a defense to the action, the judgment of the Municipal Court is affirmed.

*Affirmed.*