Pacific States Life Insurance Company and Henry G. Miller, Appellees, v. E. H. Richcreek, Appellant.

Gen. No. 8,988.

Opinion filed January 15, 1937.

J. N. MOORE, of Danville, for appellant.

BECKMAN, TODD, HOUGH & WOODS, of Chicago, and MANN & STIFLER, of Danville, for appellees.

MR. JUSTICE RIESS delivered the opinion of the court. In this suit, the Pacific States Life Insurance Company, a corporation, and Henry G. Miller, its ancillary receiver, appellees herein, filed a bill in chancery in the

circuit court of Vermilion county to foreclose a mortgage executed on March 13, 1923, by J. C. McKibben and Sadie J. McKibben, his wife, on real estate therein described, which was given to secure payment of their promissory note in the sum of $5,500, due five years after date, with interest coupons attached, payable to the order of the mortgagee, Chicago National Life Insurance Company, and which said note and mortgage were thereafter assigned to the above named plaintiff on June 8, 1932.

Plaintiff's bill, as such assignee, contains averments usually set forth in similar foreclosure proceedings. The defendant, E. H. Richcreek, trustee in bankruptcy of mortgagor, John C. McKibben, appellant herein, and certain other defendants named in the bill, filed an answer averring that plaintiffs' assignor, Chicago National Life Insurance Company, procured the execution of the said note and mortgage as such mortgagee by fraud; that at the time of the execution thereof, the real estate described in said mortgage was worth $7,000, and was held subject to a lien for the unpaid balance of a prior mortgage in the sum of $1,631.51, given to the Hoopeston Building and Loan Association; that said named mortgagee paid said balance due on the prior mortgage, but falsely represented to the mortgagors that it had paid $2,000 in satisfaction thereof; that said mortgagee then took the note and mortgage sued on in the sum of $5,500 from said mortgagor and wife and delivered to him certain capital stock of the mortgagee company, falsely represented to be of a value of $30 per share, but, in fact, of little value, and immediately gave in exchange therefor to said mortgagor certain worthless stock of the Chicago National Underwriters Company, and subsequently exchanged the same for certain other worthless stock of the United States General Agency Company, knowing all of said stock to have been worthless and that

same was delivered with intent to defraud mortgagor, who relied upon such false and fraudulent representation concerning same; that the only consideration received for said note and mortgage was the amount of $1,631.51, paid by mortgagee for a release of the prior mortgage lien hereinabove mentioned; that said mortgagor, McKibben, paid to said mortgagee, Chicago National Life Insurance Company, interest on said note and mortgage for eight successive years in the total amount of $2,640; that the plaintiff appellee, Pacific States Life Insurance Company, procured the assignment of said note and mortgage from the mortgagee after it knew of the alleged fraud so practiced on said mortgagor and was a party to said fraud and was not entitled to equitable relief in said cause.

The defendants filed a cross-bill, which was later amended, by leave of the court, wherein they averred that for eight years after execution and delivery of the note and mortgage, the mortgagors were continuously deceived by the agents and officers of said mortgagee company and its associated corporations, as to the value of the stock delivered to them, and did not know that they had been defrauded until after the mortgagor, McKibben, had been adjudicated a bankrupt on October 15, 1931; that during all of this time, a fiduciary relation of confidence and trust had arisen and existed between said mortgagees and its agents and officers on one hand and said mortgagor on the other hand, which were relied upon by him and thereby kept him from making any outside investigation.

Specific allegations of fraud and deceit in the procurement of said note and mortgage in exchange for allegedly worthless stock were made. In the cross-bill, the cross complainant, as mortgagor, asks that he be given judgment against the complainant for the difference between the $2,640 interest money paid thereon and the $1,631.51, advanced by mortgagee to cancel the prior mortgage lien.

Defendant in cross-bill admits delivery and execution of the mortgage, but denied that the same was procured through any fraud or deceit on the part of said mortgagee and denied any knowledge of or any part in any such alleged fraud or deceit on the part of the defendant assignee thereof; and denied that the cross complainant was entitled to the relief prayed.

Said cause was referred to a special master in chancery to take and report proofs, findings of facts, conclusions of law, and to recommend form of decree. The special master, after hearing the proofs, found that the material allegations of the cross-bill had been sustained and that the note and mortgage had been procured by the mortgagee by deceit and fraud; that the stock in the sum of $3,510 given by the mortgagee was worthless and known by the mortgagee to be worthless at the time it was delivered to McKibben; that the amount actually paid by mortgagee on the prior mortgage held by the Hoopeston Building and Loan Association was $1,631.51, but that mortgagee claimed and took credit for $2,000 therefor in the new note and mortgage; that all the advantages and benefits of said fraudulent transaction were received and retained by said mortgagee company; that these constituted partial failure of consideration in the giving of said mortgage and were so procured by fraud; that the knowledge of such fraud was not obtained by the mortgagor until after he was adjudicated a bankrupt and was not ratified or affirmed by him at any time; that the Pacific States Life Insurance Company, appellee plaintiff, was not an innocent holder of said note and mortgage as assignee, for value before maturity; that the complainant is not entitled to a decree of foreclosure or any relief therein as prayed in his original bill except a credit for the sum of $1,631.51, paid to satisfy the prior mortgage lien; and that the amount of interest paid by the mortgagor to mortgagee was $904.59 in excess of the

amount so advanced by mortgagee in payment of said prior mortgage lien.

Sixteen specific objections were filed by the complainant to the master's report, which were overruled by the master and heard upon exception thereto by the court, serially numbered 1 to 16, of which all but exception No. 15 were overruled by the court and said exception No. 15 was sustained.

The exceptions overruled by the court include the following: that the master erred in not holding that the complainant was the holder of said note and mortgage in due course; that complainant had notice of the fraud before purchase; that the National Life Insurance Company induced defendants to purchase stock by false and fraudulent representation; in finding that there was a mere form of delivery of the National Life Insurance Company stock, and the subsequent acceptance of other stock was in pursuance of an original fraudulent transaction; that he erred in finding that any fraud had been shown; or that McKibben did not discover failure of consideration and a scheme to defraud, until after the time he went into bankruptcy; in not recommending a decree for foreclosure of the mortgage. The court sustained exception to objection No. 15, recommending a decree in accordance with the prayer of the cross-bill.

The court entered a decree under the prayer of the original bill against the defendant, E. H. Richcreek, trustee in bankruptcy of J. C. McKibben, for the sum of $738.03, and for foreclosure of mortgage for that amount. The decree further allowed plaintiff $150 as solicitor's fee, and ordered that the defendant pay one-third, and the plaintiffs two-thirds, of the cost of suit.

We have carefully examined the testimony taken before the master, and we find that the defense of fraud as set forth in the answer of the defendants has been fully sustained.

In overruling exceptions to master's report from 1 to 14, and in overruling exception No. 16, the court necessarily found that the note and mortgage in ques-, tion had been obtained by fraud, and were subject to the defense of fraud and partial failure of consideration.

The decree of foreclosure and for payment of $738.03 and solicitors' fees in favor of complainant and against defendant in the original bill was, therefore, contrary to and not in accordance with the findings of the court on the facts.

It remains to be determined whether or not the cross complainant is entitled to a judgment against the assignee herein for the amount of the interest paid in excess of the amount paid by the mortgagee to satisfy the prior mortgage lien.

The following uncontradicted facts appear from the record, viz.: that the original note and mortgage were executed and delivered on March 13, 1923; that all of the interest payments made by the mortgagor, Mc-Kibben, were made to the Chicago National Life Insurance Company, as mortgagee; that the mortgagor, McKibben, was adjudicated a bankrupt on October 15, 1931; that upon such adjudication, the real estate in question became part of the assets in the hands of the trustee in bankruptcy; that thereafter, on June 8, 1932, the note and mortgage in question were assigned to the plaintiff, Pacific State Life Insurance Company. In view of these facts, we hold that the finding of the trial court that plaintiff was a party to the prior fraudulent transactions and representations of the mortgagee was erroneous and contrary to the manifest weight of the evidence.

However, the assignment of the above note and mortgage was made after the same had become due and payable, and were therefore taken subject to all defenses that would have prevailed against the mort-

gagee. *Dunlap v. Peirce,* 336 Ill. 178; section 13 of chapter 98, Negotiable Instruments, Ill. State Bar Stats. 1935, ch. 98, ¶ 14; Jones Ill. Stats. Ann. 89.014 (Smith-Hurd Illinois Annotated Statutes).

Defendant's counterclaim in the nature of a set-off could not be allowed against plaintiff herein (who was not a party to the fraud) in excess of the amount of said note and mortgage indebtedness for which suit was brought. Section 12 of chapter 98, Negotiable Instruments, Ill. State Bar Stats. 1935, ch. 98, ¶ 13; Jones Ill. Stats. Ann. 89.013 (Smith-Hurd Illinois Annotated Statutes); *Bradley v. Progressive Metal & Refining Co.,* 205 Ill. App. 552; *Reid v. McKinney,* 202 Ill. App. 129.

The trial court erred in entering a decree in favor of the plaintiff for the reasons stated. The cross complainant is not entitled to relief beyond the amount of indebtedness sued for by the complainant. The decree of the trial court will therefore be reversed, and the cause remanded with directions for the trial court to enter a decree in accordance with the holdings of this court.

*Reversed and remanded with directions.*