Lawrence A. Barrett, Appellee, v. Mark Shanks, Appellant.

Gen. No. 40,370.

Opinion filed April 26, 1939. Rehearing denied May 8, 1939.

GUSTAV E. BEERLY, of Chicago, for appellant; JOHN F. DIFFENDEFFER, JR. and RICHARD T. SAVAGE, both of Chicago, of counsel.

CONCANNON, DILLON, BOSTELMAN & SNOOK, of Chicago, for appellee; R. F. BOSTELMAN and AUSTIN G. RIGNEY, both of Chicago, of counsel.

Mr. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

An appeal is brought in this case together with four companion cases which are similar, all of which grew out of the action of the superior court in entering a summary judgment against the defendant upon a claim alleged to have been guaranteed to the extent of $5,000 each, by twenty-five guarantors, which includes the appellant. The original suit was commenced in 1932.

It appears that on July 8, 1937, an amended declaration was filed, wherein it is alleged that the Midwest Athletic Club on April 11, 1927, made a promissory note due 90 days after date, payable to the Madison & Kedzie State Bank; that defendants executed and delivered their written guaranty of the full payment of said indebtedness to the bank at maturity and at all times thereafter; that each of the guarantors was liable to the amount of $5,000 and the guaranty was limited to a loan of $75,000 made on April 11, 1927, or any renewal thereof; that various payments were made upon the principal indebtedness; that there remained due from each guarantor $3,128 with interest from October 25, 1930.

To the foregoing was added the common counts, each for the sum of $5,000. To this was added the affidavit of one J. W. Minter which stated that their suit is upon a written contract and that payments have been made thereon, and further stating that as the loan was reduced (by someone) to $46,920 and that on the balance a proportional amount was due from each of the guarantors of $3,128.

Said affidavit further stated that said Lawrence A. Barrett, as successor liquidating trustee for Madison-Kedzie Trust & Savings Bank, is the actual bona fide owner of the note of the said Midwest Athletic Club dated September 12, 1930, in the principal sum of $50,000; that said plaintiff is the actual bona fide owner of the certain contract or guaranty agreement

dated April 11, 1927 and signed by defendant as is fully set forth in said amended declaration.

To the said amended declaration was filed a plea of *non assumpsit* on July 23, 1937, and at the same time there was given notice of special matters intended to be relied upon as a defense at the trial. That such special matter relied on is in part as follows:

1. That the execution of the guaranty herein sued upon, was obtained from defendant by the Midwest Athletic Club and the Madison & Kedzie State Bank of Chicago by the use of fraud and circumvention, both of the aforesaid parties colluding to injure and defraud this defendant, before the execution of the guaranty herein sued upon, falsely and fraudulently represented to the defendant that the Midwest Athletic Club had assets of more than $500,000 over and above all its liabilities; that the liabilities of said club, exclusive of its building obligations, did not exceed $25,000; that the guarantors on a principal guaranty of $250,000 given to Foreman & Company had been released; that the Midwest Athletic Club had not borrowed any moneys for which it had pledged as security its accounts receivable due from memberships; that sales of memberships had been made for an amount in excess of $500,000; that the Midwest Athletic Club has passed a resolution authorizing its officers to make the loan of $75,000; and that no part of the $75,000 was for renewal of any previous debt; that each of the aforesaid representations and statements were false, and were known to be false at the time they were made, and that they were made with the intent of defrauding defendant; that defendant not knowing of the falsity of said statements or representations, then and there executed the said guaranty of the debt of the Midwest Athletic Club and delivered the same to the Madison & Kedzie State Bank of Chicago; by reason whereof the said guaranty is null and void, and of no force and effect.

2. That contemporaneously with the execution and delivery of the guaranty herein sued upon, and as part of the same transaction, the Midwest Athletic Club executed and delivered, and the Madison & Kedzie State Bank of Chicago did accept and receive a pledge of security for the payment of the note of $75,000 of the Midwest Athletic Club dated April 11, 1927, said pledge consisting of an assignment to the Madison & Kedzie State Bank of Chicago of all accounts receivable of the Midwest Athletic Club appearing on its books, being for unpaid memberships due or to become due after March 31, 1927, until such note for $75,000 or any renewal of the whole or any part thereof shall have been paid, and the said Madison & Kedzie State Bank of Chicago, their successors and assigns were granted full power and authority for their own use and benefit, but at the expense of the Midwest Athletic Club to ask, demand, collect, receive, compound, and to give acquittance for same or any part thereof in the name of the Midwest Athletic Club; that said Madison & Kedzie State Bank of Chicago did receive the aforesaid security and property from the principal debtor, the Midwest Athletic Club as an indemnity and did collect and receive under said pledge, a sum sufficient to discharge the debt mentioned in the declaration, and by reason whereof this defendant's liability under the guaranty herein sued upon was extinguished.

3. That the said Madison & Kedzie State Bank of Chicago did receive the security and property mentioned in the preceding paragraph from the principal debtor, the Midwest Athletic Club as an indemnity, and did not exercise proper care and diligence in the management and collection of such collateral security; that by reason of the want of diligence in this respect on the part of the Madison & Kedzie State Bank of Chicago, this defendant has suffered an actual loss in excess of $5,000; by means whereof this defendant's

liability under the guaranty herein sued upon was released.

4. That the said Madison & Kedzie State Bank of Chicago did receive the security and property mentioned in paragraph 2 hereof from the principal debtor, the Midwest Athletic Club as an indemnity, and did not exercise proper care and diligence in the management and collection of such collateral security, but was guilty of waste and want of diligence, and that its action in that regard caused a loss to the defendant in excess of $5,000 and operated to release the defendant from any further liability under the guaranty herein sued upon.

5. That the principal debtor, Midwest Athletic Club paid or caused to be paid unto the plaintiff or its assignor, a sum in excess of the principal indebtedness of $75,000, with accrued interest thereon, mentioned in plaintiff's declaration herein.

6. That renewals of the indebtedness of $75,000, evidenced by the note of April 11, 1927, and in said declaration mentioned, were made from time to time without the knowledge, consent or acquiescence of this defendant and after the death of one or more of the coguarantors.

7. That the plaintiff is not the actual bona fide owner of the promissory note and the contract of guaranty herein sued upon.

This defense was verified by the affidavit of one Harold L. Eisenstein.

Apparently counsel in this case considered the cause at issue by these pleadings as they then were and on November 5, 1937, proceeded to take evidence in the city of Washington by depositions, both sides being present. There appears in the record a stipulation by the parties that the deposition taken of Alfred H. Smith before a commissioner there, could be used in 12 suits which were pending and which grew out of

the same transaction. That deposition appears to have been filed in the office of the clerk of the superior court.

Thereafter it appears that a motion was made for summary judgment which was filed with the clerk of the court. Also, there appears exhibit 1, which follows the affidavit of one R. A. Sherer, other affidavits, exhibits and a decree.

It further appears that a motion was made by plaintiff to strike the defendant's affidavit of merits and supporting affidavits on the motion for a summary judgment, and a decree was entered striking the same, but nothing, so far as we have been able to find, was said by the court as to the notice of special defenses and the court on this motion found, that plaintiff was entitled to a summary judgment and entered the same against the defendant for $4,316.18 in favor of Lawrence A. Barrett, as liquidating trustee for the Madison-Kedzie Trust & Savings Bank.

It appears in the deposition of Alfred H. Smith, former president of the Madison & Kedzie State Bank, that at the time the guarantor signed, there was assigned by the Midwest Athletic Club, bills receivable of the par value of $135,000, the same being obligations which had been given to the club by purchasers of memberships and said bills were due and payable at the time, or shortly thereafter apparently, the understanding was that these bills receivable were to be collected by the bank and applied upon this indebtedness and it is the contention of the defendant that this was not faithfully done by the bank; that if they had done as originally agreed this obligation would have been paid in full.

Defendant further contends that misrepresentations were made to him at the time as to the financial status of the Midwest Athletic Club; that the assets of the club were more than $500,000 over and above all its

liabilities; that the liabilities of the club inclusive of building obligations did not exceed $25,000; that the guarantors on the Foreman & Company guaranty had been released; that the Athletic Club had not borrowed any moneys for which it had pledged its accounts receivable due from memberships; that sales of memberships had been made in excess of $500,000; that no part of the $75,000 to be loaned was for the renewal of any previous debt.

This part of the agreement the defendant says was not complied with and that he was precluded by this action of the trial court from offering any evidence as to the true status of the account between the bank and the Athletic Club and also as to the falsity and materiality of the various representations above set forth, and that the affidavit of Mark Shanks, defendant herein, setting forth these facts was filed in opposition to the motion for a summary judgment.

In *Thornton v. Hendrickson*, 213 Ill. App. 121, the court at p. 124, said: "A broad inquiry is allowed as to facts and circumstances, which might tend to show the true intent with which an instrument was executed. The trial courts should be liberal in the receipt of evidence in the investigation of questions of fraud, and concerning all matters which tend to disclose the true nature of the transaction. Sometimes very slight circumstances, apparently trivial in themselves, when joined with other facts may afford strong proof of fraud. Bigelow on Fraud, p. 476; *Vigus v. O'Bannon*, 118 Ill. 334."

On the question of fraud and defense, we quote from ch. 98, par. 11, sec. 10, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 89.011], which reads as follows:

"1. **Fraud.**] § 10. If any fraud or circumvention be used in obtaining the making or executing of any of the instruments aforesaid, such fraud or circumvention may be pleaded in bar to any action to be

brought on any such instrument so obtained, whether such action be brought by the party committing such fraud or circumvention, or any assignee of such instrument.''

On the oral argument both counsel stated that a demand had been made by each side, asking that a trial by jury be had. From the record before us it appears that a summary judgment could not be entered in this cause without the trial judge having decided controverted questions of fact, and passed upon and weighed the evidence which questions should properly have been left to a jury to decide.

In the case of *Diversey Liquidating Corp. v. Neunkirchen,* 370 Ill. 523, which although a case wherein the validity of a rule of the municipal court regarding summary judgment was involved, it is stated in the syllabus:

''The purpose of a proceeding for summary judgment is to determine whether a defense exists, and where a defense raising an issue of fact as to the plaintiff's right to recover is set up, a summary judgment must be denied, as it is the function of a jury to decide disputed issues of fact and to try such issue by affidavits would deprive defendant of his right to a jury trial.''

If the plaintiff were not the bona fide owner of the instrument sued upon, as alleged by defendant, defendant should have been permitted to show that fact. Also, if the misrepresentations were made as claimed by the defendant, then, under the statute, such facts were properly pleaded. If the collateral which was assigned from the Midwest Athletic Club to the Madison & Kedzie State Bank as security for this debt, as the defendant claims, had been properly collected and applied to this debt, or if through the bank's negligence it had failed to do so, to the injury of defendant, the latter should have had an opportunity to show the same.

Other points are raised, but as this case must be tried again, we do not consider it necessary to consider them at this time.

For the reasons herein given the judgment of the superior court is reversed and the cause is remanded with directions to permit the defense to place the cause at issue and to try same before a jury.

*Decree reversed and cause remanded with directions.*

HEBEL, J., concurs, and BURKE, J., dissents.