**Malcolm McKerchar, Appellee, v. Mabel G. Ayres, Individually and as the Sole Heir of Lloyd C. Ayres, Deceased, Appellant.**

**Gen. No. 40,483.**

Opin-
ion filed June 19, 1939.

CLYDE C. FISHER, of Chicago, for appellant.

MALCOLM McKERCHAR, *pro se.*

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by defendant from a decree of foreclosure entered April 21, 1938. The cause was heard on exceptions to the report of a master recommending a decree as prayed in the complaint. There is practically no dispute as to the material facts. The original trust deed was .executed by Lloyd C. Ayres and Mabel G. Ayres, his wife, March 5, 1925, to secure their notes for $2,100 with interest. The notes and trust deed were delivered to the Glenview Borders Realty Trust. January 27, 1928, an agreement was made for the cancellation of the old mortgage upon the delivery of a new note for $2,100 due January 27, 1931, with six interest notes representing interest which would accrue until maturity, together with a new trust deed securing same. The notes were executed and delivered but the new trust deed was not delivered. January 7, 1932, Lloyd C. Ayres and Mabel G., his wife, quitclaimed the prem-

ises to George T. Ayres in consideration of $500. After the filing of this suit and after it was *lis pendens* the trustee named in the first trust deed, or old mortgage, gave a release deed which was recorded. However, the evidence shows the indebtedness was never in fact paid, and the decree finds that the old trust deed remains a lien on the premises, and that there is due and unpaid the total amount of $4,283.88.

June 22, 1936, the Glenview Borders Realty Trust assigned the note and mortgage to plaintiff. Defendant undertook to interpose as a defense to the action an alleged set-off on account of salary claimed to be due from the Glenview Borders Realty Trust to her husband, Lloyd C. Ayres. Defendant contends such a defense is permissible under sections 38 and 44 of the Civil Practice Act (Ill. Rev. Stat. 1937, ch. 110, pars. 162, 168, pp. 2392, 2394). In support of this contention she quotes Professor Sunderland's analysis of the Civil Practice Act in 28 Ill. Law Rev. 868, where he says:

"All cross demands may hereafter be availed of *in any action* and the procedural propriety of a cross action can no longer be litigated."

Defendant calls our attention to the annotated notes covering section 38 of the act in Jones Ill. Stats. Ann., vol. 18, p. 151, par. 104.038. Defendant also says that section 44 of the Civil Practice Act makes clear that there is no distinction between cross-demands in law or in equity. We think the authorities cited are not applicable. The Glenview Borders Realty Trust is not a party to this proceeding, and defendant did not ask to have it made a party. So far as the record shows the Glenview Borders Realty Trust was given no notice of any counterclaim to be made against it.

Evidence was introduced tending to show that on February 10, 1924, Lloyd C. Ayres was elected secretary of the executive committee of the Realty Trust at a salary of $50 a month; that he served from July 1, 1925, to May 6, 1932, without compensation; that there

is due to him or to his estate from the trust $4,110. However, Lloyd C. and Mabel G. Ayres on January 7, 1932, conveyed and quitclaimed all their title and interest in the premises. They acquired no right, title or interest therein thereafter. At the time they conveyed they knew the premises were subject to the lien of the trust deed. The foreclosure is a proceeding *in rem* against the property. It was brought to enforce a right against the property itself. It is binding upon defendants only so far as their interest in the property is concerned. Manifestly, under such circumstances defendant could not interpose this supposed set-off as a defense to the foreclosure. Reeve, Ill. Law of Mortgages and Foreclosures, vol. 2, par. 650, p. 732. *Phelan v. Iona Sav. Bank,* 48 Ill. App. 171; *Cotes v. Bennett,* 183 Ill. 82; *Bouton v. Cameron,* 205 Ill. 50; *Cook v. Moulton,* 64 Ill. App. 429; *Okon v. Kaenes,* 222 Ill. App. 45; *Lewis v. Matteson,* 257 Ill. App. 1. The Civil Practice Act has not changed the nature of a foreclosure proceeding. As a matter of fact, the master recommended that in case of a deficiency decree after sale defendant should be allowed to interpose this claim as a defense to it. The right of a defendant under the Civil Practice Act, where the facts warrant, to have a set-off allowed in a foreclosure suit is not questioned. But the right of set-off in a case of this kind must exist as between the parties to the proceeding. No such right was interposed here. Defendant points out (citing cases) that the purchaser of a trust deed takes it subject to infirmities to which it is liable in the hands of the mortgagee. This general proposition is unquestioned law, as the cases cited show. But defendant disregards a well-settled exception which discloses the rule is not applicable to this record. That exception is that the equities which may be interposed as a defense to foreclosure in such case must arise out of the transaction in which the note and mortgage were given. The restriction was stated in *Colehour v. State Sav. Institu-*

*tion,* 90 Ill. 152, where the defendant undertook to interpose the defense of usury against an assignee of the mortgage. Justice Sheldon, for the Supreme Court, said:

"Although it be the rule in this State that where there is a promissory note secured in its payment by a mortgage, an innocent transferee of the note before maturity, in a suit for the foreclosure of the mortgage, will be subject to any equitable defense on the part of the mortgagor, when the note itself, if the suit were upon it, would be exempt from such defense, (*Olds v. Cummings,* 31 Ill. 188, and subsequent cases), we understand this as restricted to all equities arising out of the note and mortgage transaction itself, and not extending to a set-off in respect of a debt due from the assignor to the mortgagor, arising out of a collateral matter, such an one as we view this, here, to be." See Chitty on Bills, 13 Am. Ed. 251.

The same restriction is stated in the later case of *Peoria & Springfield Railway v. Thompson,* 103 Ill. 187, where Mr. Justice Mulkey, speaking for the Supreme Court, held that the doctrine of *Olds v. Cummings* had no application to deeds of trust given to secure railroad coupon bonds intended to be thrown upon the market and circulated as commercial paper and to be used as securities for permanent investments. The court said that to hold otherwise would be doing violence to the manifest intention of the parties to such instruments, and would unquestionably lead to very disastrous consequences. The same reasoning controls here, and there is nothing in the Civil Practice Act upon which defendant relies to indicate that the law has been changed in this respect. Indeed, the two cases cited by defendant (*Pacific States Life Ins. Co. v. Richcreek,* 288 Ill. App. 469, and *State Bank of St. Charles v. Burr,* 295 Ill. App. 15) disclose that the Appellate Court recognized the restriction on the doctrine pointed out in the *Colehour* case.

Defendant claims the master erred in striking testimony of Lloyd C. Ayres to the effect that in a conversation with his brother, George T., prior to January 7, 1932, he told George there was a trust deed of record against the lot but that the Glenview Borders Realty Trust owed him money as security that would offset the amount of the trust deed so that it would be taken care of, and that he received $500 from his brother; that his brother and he and Mrs. Ayres executed and delivered the quitclaim deed and had it recorded in furtherance of this agreement. The evidence was merely hearsay and wholly immaterial. Reeve, Ill. Law of Mortgages and Foreclosures, vol. 1, par. 11, pp. 16, 17; par. 281, p. 332; par. 284, p. 355. See also *Fetrow* v. *Merriwether,* 53 Ill. 275; *Pratt v. Pratt,* 96 Ill. 184; *Reed v. Jennings,* 196 Ill. 472.

There is no error in the decree and it is affirmed.

*Affirmed.*

McSurely, P. J., and O'Connor, J., concur.