**Hilda Resnick, Appellee, v. Frank Varouxakis et al., Appellants.**

**Gen. No. 42,293.**

Opinion filed May 5, 1943.

52

MARSHAL I. McMAHON and RALPH E. JACOBSON, both of Chicago, for appellants.

CHARLES A. RESNICK, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal from a summary judgment entered against the defendants Frank Varouxakis and Beatrice E. Varouxakis for $2,354.35 on a promissory note executed by the defendants Frank Varouxakis, Beatrice E. Varouxakis, George Long and Straty Yakomis, in the sum of $1,666.00, dated September 12, 1930. The defendants, in addition to executing a promissory note, also executed eight interest coupons for the purchase of certain realty from Arthur T. McIntosh & Company. The defendants filed an answer and amended answers to said complaint and summary judgment was rendered on the pleadings.

This case having been tried on the pleadings, the rulings in the lower court merely pass upon the pleadings filed by the parties.

The defendants, in executing the purchase money mortgage and a promissory note with interest coupons, knew the nature and effect of the instruments they signed but claim that the consideration, the value of the land sold to them, was misrepresented. Defendants say the salesman represented the value of this land at greatly in excess of its actual value, knowing that these representations were false, and with the intention that the defendants would act upon these misrepresentations. Further, that the defendants were told that all improvements had been paid for, that this was a misrepresentation, and that the defendants paid in a sum over a thousand dollars for this property, which payment was grossly in excess of its actual value. Defendants further submit that since fraud was alleged, a good defense was raised by the

pleadings, and that this case should have been submitted to a trial court with a jury to pass upon the facts and the law.

It is urged that the plaintiff in answer to certain interrogatories propounded by the defendant stated that the notes in this case were purchased for the sum of ten dollars and other good and valuable considerations, and it further appears that although ordered by the court to give exact amounts of the purchase price of these notes, the plaintiff never submitted these; and that since there were misrepresentations to obtain the execution of this instrument and since the plaintiff took these notes with knowledge and notice of the infirmities, this defense may be a good defense against any action on the notes.

It is further urged by these defendants that where issue is joined and the case is set upon the jury call by the chief justice, the case remains on such jury call for trial unless removed by an order of the chief justice. It is cited in support of the position taken by these defendants that under section 8 of the Municipal Court Act, it is provided *inter alia,*

"The Chief Justice shall also superintend the preparation of the calendars of cases for trial in said court and shall make such classification and distribution of the same upon different calendars as he shall deem proper and expedient."

And that under the order entered by the Honorable E. D. SCHEFFLER, chief justice, this case was placed on the jury calendar and the same had never been removed by any order of the lower court. It is urged that the trial court erred in entertaining plaintiff's motion for a summary judgment, for the reason that the plaintiff has failed to comply with the order of Judge SCHILLER, directing that plaintiff give full and complete answer to the defendants' interrogatories, making it impossible for the defendants to answer

properly the plaintiff's statement of claim; that after plaintiff had filed certain answers to the defendants' interrogatories in which the defendant recited that the consideration paid for the notes in question was 10 dollars and other good and valuable consideration, the defendants' motion to strike the answer, which was properly made and argued before Judge SCHILLER, was sustained and the court directed the plaintiff to file more complete answers to the interrogatories, but even to the present time such answers in accordance with the order of Judge SCHILLER have not been filed, and it is the contention of the defendants that subsequently the same matter was before Judge QUILICI and passed upon by him in ruling that the motion for summary judgment was sufficient and that the plaintiff was entitled to the judgment demanded.

It appears from the record in this case that the misrepresentations charged by the defendants are as follows: "That this property was worth Forty-Nine Hundred ($4900.00) Dollars and that all necessary improvements were in and paid for."

Upon the question of misrepresentation as to value of the property that was sold, as stated in the argument of the defendants, the value of the property was represented to be $4,900 but was much less. It appears from the case of.*Tuck v. Downing*, 76 Ill. 71, that the court there stated:

"Appellant was dealing with his own property, and had a right to 'puff' it in the most extravagant terms, the other party being at full liberty to exercise his own judgment about it."

And it is urged by the plaintiff that there is nothing stated in defendants' statement of defense to indicate that defendants had a right to rely on the seller's representations of value; there is no relationship of trust set up as existing between the parties, nor does the defense use any words whatsoever alleging that they were prevented or hindered by words or acts of

the seller from obtaining information elsewhere or independent opinions, as to the value of this property.

It is further urged that defendants in their statement of defense nowhere aver that they were denied ample opportunity to examine the real estate or to ascertain for themselves its true value or the true situation in respect to the local improvements. The property that is the subject of this controversy is located in Cook county, Illinois, and therefore is accessible. It would appear that an examination at the site of the real estate would reveal the character of the improvements that were in, and an examination of the records of the county would have shown the exact status of unpaid special assessments for local improvements.

It is urged that the defendants ratified the purchase and are estopped to claim fraud. It appears that the defendants affirmed the contract by paying the first three interest notes, which is admitted by the pleadings, since that allegation in plaintiff's statement of claim has not been denied. The interest notes bear date the 12th day of September, 1930, payable every six months, and it can reasonably be inferred that if fraud had been perpetrated it could fairly be presumed to have come to their attention during the 18-month period over which these three notes had been paid, particularly since the defendants admitted knowledge by their own pleadings in using the following language:

"and this defendant relying on said representations executed the aforesaid notes, that subsequently thereto this defendant learned that the said property was of much less value than that represented to him and also that the said improvements were not in and paid for as represented."

It is urged that it may be reasonably inferred, since they have not pleaded to the contrary, that they have retained the real estate and have never offered to

tender it back, and their defense at no point shows that any complaint or remonstrance was made, and this for a period exceeding 11 years. It is contended that this constitutes an affirmance of the contract. It appears from this record that the defendant had notice of the fact that tax bills were sent out in Cook county about the first of May in each year, and it is urged that since the defendants do not state how or when notice of the purported fraud came to their attention, it is not too far fetched to assume that on the following May after the purchase of this real estate, bills for special assessments were sent out to and received by the defendants; that under those circumstances, having paid interest notes after being put on notice by receiving bills for special assessments, they have positively waived the alleged misrepresentation. Plaintiff quotes Black on Rescission and Cancellation, 1929 edition, volume 3, section 590, at page 1439, as follows:

"The right to rescind a contract, whether on the ground of fraud or for any other sufficient reason, may be waived and such waiver will not only prevent the party from thereafter maintaining any proceedings for the rescission of the contract, but will debar him from interposing the same facts in defense to an action upon it."

It is well settled law in Illinois that one claiming fraud must disaffirm at the earliest possible moment or be estopped from thereafter charging fraud. He cannot remain silent, retain the benefits or deal with the subject matter of the contract and afterward avoid its burdens.

Defendants have not offered to excuse or to explain away the delay in disaffirmance and therefore under the rule of law that they must act promptly, the defendants are estopped to plead fraud because of their waiver in having remained silent all these years.

The defendants, however, contend that the failure of the court to compel plaintiff to answer their interrogatories specifically as to how much was paid by the plaintiff for the notes made it impossible for them to answer the statement of claim. Plaintiff has answered ''$10.00 and other good and valuable considerations.'' However, the trial court held the defense to be insufficient and that it was immaterial what consideration was paid for the notes by the plaintiff, because the law presumed that the transfer of the notes was based on sufficient consideration, and that this point of view was held by the trial court is evident from the fact that plaintiff's motion to extend the time to answer the interrogatories until the court had decided the sufficiency of the defendants' fourth statement of defense was approved by the court and the requested extension granted. Had the defense been held good in law, plaintiff would then have answered said interrogatories. Since, therefore, defendants failed to set up a defense valid even against one not a holder in due course we fail to see how defendants have been harmed.

In the instant case the trial court was exceedingly indulgent in allowing defendants to file four statements of defense. In the case of *Chicago Title & Trust Co. v. Cohen*, 284 Ill. App. 181, and also in the case of *Bradley v. Progressive Metal & Refining Co.*, 205 Ill. App. 552, the Appellate Court sustained the refusal of the trial court to allow defendant to file a third affidavit of merits as within the lower court's discretionary powers. It appears that the case of *Bradley v. Progressive Metal & Refining Co.*, 205 Ill. App. 552, is also authority for the proposition that judgment rendered upon striking the affidavit of merits is a default judgment. This elementary point is inserted here in answer to the defendants' assertion that Judge QUILICI exceeded his authority by passing upon a mo-

tion for summary judgment which had already been considered, passed upon and denied by Judge SCHILLER on December 8, 1941, but entered judgment solely on the basis of the insufficiency of the fourth statement of defense.

The cases of *Diversey Liquidating Corp. v. Neunkirchen,* 370 Ill. 523, and *Barrett v. Shanks,* 300 Ill. App. 119, relied on by defendant, are not strictly in point. They differ from the instant case in that they were based on summary judgments decided on affidavits submitted by the plaintiffs. In these cases the lower court had decided on the affidavits before it that the plaintiffs were holders in due course. The effect of these decisions was to nullify the defenses which were otherwise good if proved against one not a holder in due course. The Appellate Court held that whether plaintiffs were holders in due course was a matter of fact for the jury to decide and could not properly be decided on affidavits by the court where that point was material. In the instant case judgment was rendered upon striking the fourth statement of defense for insufficiency, and not on affidavits.

*Harris v. Willis,* 209 Ill. App. 401 (Abst.), holds that trial by jury is improper when affidavit of merits has been stricken, and that a judgment as upon a default without a trial before a jury is proper, even though defendant has a jury demand on file.

*Reid v. McKinney,* 202 Ill. App. 129 (Abst.), holds that an affidavit of merits which fails to state facts in law which constitute a defense, or facts which, if true, will establish a valid setoff, is properly stricken, and thereby all statements and pleas in defense and setoff are automatically eliminated, since in the municipal court of Chicago pleas are unavailing unless the facts in the affidavit of merits constitute a defense in law to the action.

The entering of a judgment by default when no issue of fact is raised is proper even though the cause is on a jury calendar.

In the instant case no defense was filed which would have been good against one not a holder in due course, and, hence, whether the plaintiff was a holder in due course became immaterial. This left no issue of fact for the jury to decide, and judgment was therefore properly rendered upon the stricken defense.

Therefore the judgment that was entered by the court will be affirmed.

*Judgment affirmed.*

BURKE, P. J., and KILEY, J., concur.